### IRA C. WILSON *v.* ZINA CAREY.

*Promissory Note.    Revenue Stamp.    Original Consideration.*

In an action of general assumpsit, the payee of a promissory note, having no rev-enue stamp affixed thereto, and if, for that reason, invalid, can recover of the maker upon the original consideration for which such note was given.

ACTION, general assumpsit. Case referred, and referee reported that the plaintiff presented a note, dated February 16th, 1863.

To the admission of this note in evidence the defendant objected, on the ground that it was never legally stamped.

The note was given on the day of its date by the defendant to the plaintiff for property then sold and delivered to the defendant by the plaintiff. No revenue stamp was then affixed to the note, and it remained unstamped in the plaintiff's possession until a few days

before the trial, when the plaintiff himself affixed a five cent revenue stamp to it.

Nothing was said by either party about a stamp at the time the note was given, nor any permission given by the defendant to the plaintiff to affix a stamp at any subsequent time.

The referee found that the omission of the stamp was accidental, and with no design by either party to evade the stamp act, and admitted the note as evidence, and found for the plaintiff to recover the amount of said note, deducting endorsements. At the September Term, 1867, BARRETT, J., presiding, the court rendered a judgment, on the above report, for the plaintiff, for the amount found due by the referee. Exceptions by the defendant.

*Clarke & Haskins*, for the defendant.

The note was improperly admitted in evidence.

The fact that there was no design on the part of either of the parties to evade the provisions of the stamp act did not render the note admissible in evidence. Neither does the fact that it was subsequently stamped, as detailed in the report, make it admissible.

The cases of *Hitchcock* v. *Sawyer*, 39 Vt. 412 ; *Beebe* v. *Hutton*, 47 Barb. 187 ; *Denny* v. *Baker et al.*, 36 Mo. (Law Reg. May 1866, p. 447) ; *Garland* v. *Lane et ux.*, Sup. Ct. N. H. (Law Reg. Feb. 1867, p. 255) ; *Tobey* v. *Chipman*, 13 Allen, (Law Reg. Nov, 1867, p. 64,) which may be cited by the plaintiff's counsel, are by no means authorities for the plaintiff.

All these cases arose under different statutes, and, some of them, upon different instruments, attempted to be used in a different manner and for a different purpose than the one now in controversy. See cases above cited ; also, Act of 1863, § 16 ; U. S. Stats. 1864, §§ 158, 163, pp. 293–5 ; U. S. Stats. 1865, ch. 78, 481.

The note in the case at bar was executed while the law of 1862 was in force, and was stamped and offered in evidence by the plaintiff, and admitted by the court under the act of July 13th, 1866. This act prescribes a new and altogether different mode of affixing stamps to instruments originally issued without being stamped, than that prescribed in the act of 1864. See act of 1866, p. 148.

Section 163 of the act of 1864, was expressly repealed by the act of 1866. And the act of 1866 not having been altered or amended by the act of March 2d, 1867, so far as relates to stamp duties, this question must be governed by the act of 1866. Under the act of 1866, the duty of stamping instruments theretofore issued, is expressly confided to the collector, and that power cannot be by him delegated to his deputy. *Beebe* v. *Hutton*, 47 Barb. 187.

And if that duty cannot, under the law, be delegated by the collector to his deputy, then, in the absence of the law authorizing it, how can a person legally stamp his own instruments issued prior to the time the law of 1866 went into operation?

*Geo. Howe* and *C. N. Davenport*, for the plaintiff.

I. The referee finding the fact that the omission to stamp the note in question " was accidental, and with no design by either party to evade the stamp act," correctly admitted it in evidence. *Bebee* v. *Hutton*, 47 Barb., reported in Am. L. R., July No., 1867, p. 574.

The provisions made by the law of the United States, of June 30th, 1864, § 163, for stamping, in the presence of the court where it is used, any instrument before that law signed or issued without being stamped, are not repealed or affected by the law of March 3d, 1865, which applies to instruments requiring stamps under the law of June 30th, 1865. *Garland* v. *Lane et ux.*, Sup. Ct. N. H., reported in Feb. No. Am. L. R., 1867, p. 255. See, also, *Beebe* v. *Hutton*; *Tobey* v. *Chipman*, 13 Allen's R., reported in Am. L. R., Nov. No., 1867, p. 64.

II. In this case the note was not the only evidence of the defendant's indebtedness to the plaintiff, for the exceptions show that a full hearing was had by the parties, as to the consideration of the note, and its rejection could not have varied the result.

The opinion of the court was delivered by

PROUT, J. This is an action of general assumpsit. The cause was referred by consent, and, on the hearing before the referee, the plaintiff presented and claimed to recover the amount of the note made a part of the case. No revenue stamp was affixed to the note

until a few days before the trial, when the plaintiff, without the permission of the defendant, affixed thereto the proper stamp. Had the defendant stood in the relation of, and with the rights of a guarantor, endorser or surety, with respect to the note objected to, and his liability thereon depended wholly upon such relation and the validity of the note, a very different question would have arisen from the one presented by the facts in this case. Conceding, but without deciding the question, that the note was improperly used before the referee, because it was not stamped as required by the act of Congress, the question then is, whether the plaintiff is not entitled to recover upon the facts reported. It is a fact found, that the note objected to " was given, on the day of its date, by the defendant to the plaintiff for property then sold and delivered to the defendant by the plaintiff." The note was given upon this consideration, which was adequate and ample, and the property sold and delivered has not been otherwise paid for. If the note was tainted with illegality from any cause and invalid, and the plaintiff was in no way connected with the infirmity thus affecting it, this does not, in legal effect, upon the authority of repeated decisions, amount to a *payment* of the plaintiff's claim for the property thus sold the defendant. And the case in this particular, stands upon the same ground upon which the cases are put and rest, where it is held that payment of a debt in counterfeit or in the worthless bills of a broken bank, is, in legal effect, no payment. In all such cases a party may fall back, under a declaration adapted to the facts, and claim, upon the original consideration, and recover upon the liability arising therefrom. And, in this case, treating the defendant's note, as he claims it should be, as inoperative and worthless, yet he has had the plaintiff's property, upon a sale to him, and has not paid for it. Upon these facts, without reference to the note, we can see no reason why he should not.

Judgment of the county court affirmed.