HIRAM ATKINS *v.* E. A. PLYMPTON.

The internal revenue law requiring stamps on agreements does not apply to agreements entered into in the usual course of business by proposals and acceptance contained in letters passing between the parties; therefore the letters are admissible as evidence of the agreement, though not stamped.

The omission of stamp on a regularly drawn up agreement without intent to evade the law does not render the agreement invalid.

ACTION on the case. Plea, the general issue, and trial by jury, March term, 1871, PECK, J., presiding.

The plaintiff claimed that the defendant agreed to present his, the plaintiff's, claim against the estate of Erasmus Plympton, and have the same allowed as charged by the plaintiff. The defendant was one of the executors of the will of the said Erasmus Plympton. The plaintiff, to support his claim, offered certain correspondence between him and the defendant, and among it a letter from the defendant to the plaintiff, dated December 11th, 1866, in which the defendant agreed to have said claim allowed, and claimed that the correspondence aforesaid, and more espe-

cially the letter last aforesaid, constituted a contract on the part of the defendant to have the claim allowed at the amount charged. The defendant objected to all the letters aforesaid, on the ground that none of them were stamped with any United States internal revenue stamp.

The court ruled that if a stamp was required, it was incumbent on the defendant to go further, and show that stamps were omitted with intent to evade the stamp duty, which the court did not find as a fact, nor infer from the circumstances, and so overruled the objection and received the evidence; to all which the defendant duly excepted. No exception was taken except to the want of a stamp.

*C. J. Gleason*, for the plaintiff.

*B. F. Fifield*, for the defendant.

The opinion of the court was delivered by

Ross, J. The only exception to the ruling of the county court is in reference to the admission of certain correspondence between the plaintiff and defendant, introduced by the plaintiff to show that the defendant, who is one of the executors of the will of Erasmus Plympton, agreed to present the plaintiff's account against Erasmus Plympton to the commissioners on that estate, and have the same allowed at an agreed amount. The objection taken to the admissibility of the letters is, that none of them are stamped with an agreement stamp, in compliance with the internal revenue law. The court found that if any such stamp or stamps are required, they were not omitted with the intent to evade the law. Unless the stamps were omitted with such intent, the written agreement arising out of the contents of the letters, though required to be stamped by the revenue law, would not be invalid, as was decided in *Hitchcock* v. *Sawyer*, 39 Vt., 412, and in *Wilcox* v. *Carey*, 40 Vt., 179. If the agreement arising out of the letters was not invalid, the letters could be used to prove the agreement. This is conceded to be the law, unless there has been some change in the revenue laws since those decisions. We do

not find any material change in that law affecting those decisions, and are of the opinion that they must govern the decision of this case.

We are also of the opinion that the internal revenue law, requiring agreements in writing to be stamped, was intended to apply, and does apply, only to such agreements in writing as are drawn up and executed for written agreements, and does not apply to letters which pass between the parties, containing offers and proposals by one party, which may or may not be accepted by the other party. An offer is not an agreement, nor is the acceptance of an offer an agreement. It is true, an offer by one party and an acceptance thereof by the other party, together, constitute an agreement. Both may be in writing, and, in the broadest sense, constitute an agreement in writing. They do not, therefore, necessarily require to be stamped, to be admissible to prove the agreement which they together constitute. If the defendant's offer to present the plaintiff's account to the commissioners, and have it allowed at a given sum, was in one of the letters introduced in evidence, and so in writing, it was not an agreement in writing which required to be stamped, and was therefore admissible in evidence, not to show an agreement in writing, but an offer. The acceptance of the offer by the plaintiff, in a letter addressed to the defendant, was not an agreement in writing, and the letter could be used in evidence to show, not an agreement in writing, but the acceptance of the offer. Neither letter constituted an agreement in writing, nor was it offered as the evidence of such an agreement, but one was offered and received as the evidence of an offer, and the other as the evidence of the acceptance of that offer. Out of the evidence thus furnished, the jury might be warranted in finding an agreement. To agreements entered into in this way, in the usual course of business, though in a sense in writing, because contained in letters, or rather evidenced by letters, we do not think the revenue law applies. If parties should resort to this method of making agreements to evade the law, we might give it a different consideration.

Judgment is affirmed.