James I. Dowsett *v.* Godfrey Brown et al.

## SUPREME COURT—IN BANCO.

### APRIL TERM—1877.

*Harris, Ch. J., Judd and M' Cully, J. J.*

JAMES I. DOWSETT *vs.* GODFREY BROWN ET AL.

A FORM of complaint held good where it conforms to statute form and plainly sets forth the matter in controversy, although the statute form may be redundant for that particular case, and the Court does not favor technical niceties in pleading as a ground for setting aside verdicts rendered on substantial issues.

A defective declaration will sometimes be aided by verdict.

OPINION OF THE COURT BY M'CULLY, J.

This is a motion in arrest of judgment, and by request of parties was heard by the Court in Banco in the first instance. The case was entitled an "Action of Assumpsit," on which the jury, the present term, rendered a verdict for the plaintiff. The defendant now moves that judgment be arrested:

1st. Because the complaint shows no consideration for the alleged promise.

2d. Because it does not appear, neither can it be gathered from the petition, whether the action is founded upon a personal injury or wrong done to the plaintiff against his private and personal rights, or for a breach of some implied promise of the defendants.

The plaintiff, in his petition, " claims of the defendants the sum of five thousand and five hundred dollars for damages resulting to the plaintiff by reason of injury and wrong done by the said defendants to the said plaintiff in manner and form as follows," to wit: in substance, that at their request he had acted as their agent and factor in the management of their vessel—the "Pomare," and as such had paid for the

James I. Dowsett *v.* Godfrey Brown et al.

use and benefit of defendants, and at their request a certain sum of money, "which said sum of money is now due and owing unto plaintiff by the defendants," with also counts charging the like sum for merchandise sold and delivered, for labor and services rendered, for interest and forbearance, and on account stated, accepted, and agreed to, all at request of defendants, "which said sum of money in consideration thereof the said defendants promised to pay," but have neglected, although demanded, all "which the plaintiff alleges is in contravention of his private rights under the law, and to his damage," etc., the declaration being accompanied with an account in detail.

E. Preston for defendants. No present consideration is expressly pleaded, and it not being alleged cannot be aided by proof or verdict; there is no promise to pay at a time which had expired at commencement of the action. The action is entitled assumpsit, but it does not appear by its form, if it be assumpsit or tort,—it claims damages by reason of wrong and injury done the plaintiff, and it claims by reason of a promise to pay; neither is it contract.

Cited: 2 Meeson and Wellsby, Hayter *vs.* Moat; 11 Clarke and Finelly, Brown *vs.* Boorman; 2 Sargeant and Rawle, Whitall *vs.* Morse; 4 Pickering, Hemenway *vs.* Hickes; 3 Conn., Graffin *vs.* Pratt.

O'Halloran and Davidson for plaintiff, *contra.* The consideration and the promise are fully set forth in the declaration, which follows the form prescribed in the statute, and besides contains the common law counts in assumpsit. Any defect is now cured by plea and verdict.

Cited: Section 1116 of the Civil Code. Stephen on Pleading, pp. 96, 146 to 150; 2 Tidd's Practice, pp. 919, 920; 56 Maine, Barrett *vs.* Black; 5 Bouvier Inst., p. 517.

BY THE COURT.

Our statutes furnish three forms for common law actions brought in Courts of Record: in Section 1100 of the Civil

Code, for suits for the recovery of money upon vouchers certain; in Section 1118 for actions to recover specific property, real or personal; and in Section 1116 for all other civil cases, involving unliquidated demands, which latter section will be seen, on reference to it, to be ample enough in its terms to cover any case not included in the other two. It specifies *inter alia* actions on any "verbal understanding, contract, or agreement" between parties.

This form the plaintiff's declaration follows literally.

Thus the plaintiff comes into Court in the form prescribed by our law, with substantially this case, that at the request of defendants he became their agent and paid out sums of money for them which are due and have been demanded and not paid, and this being tried on its merits the jury find in a certain amount for the plaintiff. The Court would be reluctant in any case where a plain issue had been tried on its merits to set aside the verdict or arrest the judgment on a purely technical ground. Courts of justice are open for the settlement, in the most simple, direct, and common sense method, which is consistent with regular proceedings, of such controverted affairs as individuals find themselves unable to adjust without their aid. They are intended to facilitate business, not to obstruct it. The tendency of modern law is to abandon technical niceties in pleading, and to seek the substantial points of the controversy. We fail to find any material defect in the declaration before us. It is true there are expressions in it which are not necessary, such as the averment of damages resulting by reason of injury and wrong, which belongs rather to tort than assumpsit, but this redundancy results from following the statute form which is given at once for the greatest variety of cases. The presence of unnecessary expressions does not vitiate if there be also sufficient to lay the proper action which is intended to be brought. It is a safe method to follow statute forms.

But if the declaration were insufficient, and we fail to see

that it is materially so, the doctrine of aider by verdict now comes in to support it. This has been adopted by this Court in Nanie *vs.* Namea et al., April, 1875, 3d Haw. Rep.; that case and the authorities therein cited fully meet the argument of the learned counsel for the plaintiff.

Motion overruled.

<hr>

## SUPREME COURT—IN BANCO.

<hr>

### JULY TERM—1877.

*Judd and M' Cully, J. J.*

<hr>