Watkins *v.* De Armond.

---

No. 10,662.

## WATKINS *v.* DE ARMOND.

PLEADING.—*Implied Promise.*—A complaint, alleging facts from which the law will imply a promise, though it fail to aver the promise, will resist a demurrer.

HUSBAND AND WIFE.—*Husband's Liability for Necessaries for Wife and Children.* —*Implied Promise.*—When a husband by cruelty drives his wife and infant children from his house, without means of support, and the wife's father furnishes them necessaries, the latter may recover on an implied promise of the husband to pay, though the husband has given notice that he would not be responsible.

From the Superior Court of Vanderburgh County.

*C. A. Buskirk*, for appellant.

*H. A. Yeager*, for appellee.

ELLIOTT, J.—It is alleged in appellee's complaint, that appellant, by his cruel treatment, drove his wife and infant children from his home, and left them without the necessaries of life; that the appellee received them into his house and supplied them with food, clothing and other necessaries, and that the appellant is indebted to him for such necessaries in the sum of $1,000.

Where a complaint states such facts as raise an implied promise it is good, although it does not in terms aver that there was a promise. Where the facts are properly pleaded from which the law implies a promise, the courts will apply the law and make the proper inference. Pomeroy Remedies (2d ed.), p. 560, *n*; *Wills* v. *Wills*, 34 Ind. 106. Under the code, facts, and not mere conclusions, should be pleaded. If, however, appellant were right in affirming that the complaint should state the conclusion deducible from the facts, it is done in the allegation that "the defendant is indebted to the plaintiff, and all of which is due from the defendant to the plaintiff." We are not disposed, however, to attach much importance to the statement of mere conclusions; it is not from them, but from the facts, that pleadings are to be judged.

A man who forces his wife and children from his home by inhuman treatment is legally bound to one who supplies the wife with necessaries, and if it were conceded that the complaint was bad in so far as it makes claim for necessaries furnished the children, it would still repel a demurrer; for a complaint good as to part of the relief demanded will withstand a demurrer. *Bayless* v. *Glenn*, 72 Ind. 5.

It is shown by the evidence that the appellee is the father of appellant's wife, and it is insisted that this relationship precludes a recovery, for the reason that a father can not recover from his daughter's husband for necessaries furnished her after she had been driven by cruelty from the husband's house. We

can not sanction any such a doctrine. If the father provides a daughter thus expelled from her husband's home with necessaries, he has as much right to maintain an action as anybody else. We are clear that the appellant is bound to pay for the necessaries furnished his infant children. There may possibly be cases where the father's duty is a mere moral one, but there are cases where the duty is a legal one. Where the children are of such tender age as to require a mother's care, and to be incapable of doing work, and the father drives the mother and children from his home, and another gives them the care necessary to maintain them, the husband may be held for the reasonable value of the necessaries furnished. Schouler Dom. Rel. 328, n. It would be monstrous to permit a father to thrust his children of helpless age from his doors and escape all responsibility for necessaries furnished them.

A man under a duty to supply his wife with necessaries, and who fails to perform it, can not escape liability to one who does furnish her with necessaries, upon the ground that he gave notice that he would not be responsible for them. To permit this would be to put it in the power of bad husbands to deprive their wives of all means of living; for, if notice terminated liability, the man bad enough to beat his wife would be swift to give it.

In one of the answers to interrogatories, the jury say that there was no contract, and from this it is argued that there can be no recovery, because this is a finding that there is neither an express nor an implied contract. The single answer standing alone might, perhaps, sustain appellant's contention; but, when taken in connection with other answers, the meaning of the jury is plain. It is perfectly evident that they meant by the term contract an express agreement. They understood the term as meaning an agreement in terms, and this is a very common signification given the word contract. It was not intended to mean that there was no promise implied by law. Answers to interrogatories are to be taken together, and not separately.

Stumph v. Bruner et ux.

Taking all the answers in this case into consideration, they entitle the appellee to a judgment, and, so far from being hostile to the general verdict, are in full harmony with it.

Judgment affirmed.