JAN BAN *v.* TSEN YIM, TSEN KUI, TSEN NGAN and TSEN SHOON, Partners, under the name of Wo Yick.

APPEAL FROM DISTRICT COURT, HONOLULU.

SUBMITTED FEBRUARY 1, 1904.        DECIDED MARCH 2, 1904.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

An action may be maintained on an original partnership indebtedness notwithstanding that one of the partners after buying out the others has given a note for the antecedent debt, unless all the parties to both obligations agreed that the note should operate as an extinguishment of the antecedent debt.

The evidence in this case is held insufficient to require as a matter of law a finding that a novation was effected by the assent of all the parties interested.

OPINION OF THE COURT BY FREAR, C.J.

Assumpsit for $172, balance of a loan of $300 to the defendant partners. After they had paid $28 the defendant Tsen Yim bought out the other partners and continued to conduct the bus-

iness alone. He gave a note for the balance, $272, after which two payments of $50 each were made, leaving the $172 now sued for unpaid.

The question is whether the note given by Tsen Yim was in full settlement of the preceding partnership indebtedness so as to preclude an action against the partners on the original debt. That would be the result if all parties to both obligations so understood and assented thereto. But the mere giving of a note for the balance of an antecedent indebtedness, even though the new arrangement involved different parties as well as a different obligation, would not of itself operate as a novation so as to extinguish the original indebtedness. The new obligation would be considered as a substitute for the old on condition that it should be performed. It is generally held that the burden rests on the party relying on a novation under circumstances like these to prove it. Just how much evidence is required is a matter of some difference of opinion. Under the circumstances of this case probably comparatively slight evidence would be sufficient. It seems that the plaintiff testified, among other things, that "Tsen Yim assumed the business, admitted the debt and promised to pay $272. He promised to pay and I accepted his responsibility for the amount." Whether the Magistrate ought, in our opinion, to have found as a matter of fact from this that there was a complete novation we need not say. The case is before us solely on the question of law as to whether he was obliged to so find as a matter of law. In our opinion, the testimony quoted was insufficient to require him as a matter of law to find that there was a novation. If a review of the findings of fact were desired, the appeal should have been to the Circuit Court.

The judgment appealed from is affirmed.

*Robertson & Wilder* and *F. M. Brooks* for plaintiff.

*C. W. Ashford* for defendants Tsen Yim and Tsen Kui.