YEE CHIN, SHAR LUM, YEE PING, TOM HEE, TONG KI, CHOI KEE, TON WAI and CHONG KEE, partners under the name of WO SING AND COMPANY, *v.* Y. ATOY, CHUN POY FAT, HEE TEN, YEE FAT, YAT CHEW and Y. ANIN, partners under the name of KWONG CHONG WAI COMPANY.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED JUNE 22, 1904.        DECIDED JULY 11, 1904.

FREAR, C.J., HARTWELL AND HATCH, JJ.

ASSUMPSIT—*allegation of promise.*

   It is sufficient in general assumpsit for goods sold and delivered to allege the facts from which a promise may be implied, without alleging the promise itself.

EVIDENCE—*general objections to.*

   A general objection to the admission of evidence on the ground that it is incompetent is as a rule insufficient if the evidence is admissible for any purpose or if the objection can be obviated.

PROMISSORY NOTE—*unstamped, recovery on original consideration.*

   A note originally unstamped may be stamped afterwards in the manner prescribed by statute, and, if it is not stamped and was given in payment for goods sold and delivered and was not paid at maturity, a recovery may be had on the original consideration.

VERDICT—*scintilla of evidence.*

   A mere scintilla of evidence is insufficient to support a verdict.

OPINION OF THE COURT BY FREAR, C.J.

This is an action for $3143.83, the balance alleged to be due for goods sold and delivered by the plaintiffs to the defendants, and also for $1000, the amount of a note given in part payment for such goods, and for interest. A verdict was directed for the

full amount claimed. The defendants bring the case to this court on several exceptions.

1. The defendants objected at the outset to the introduction of any evidence by the plaintiffs on the ground that the complaint did not state a cause of action. It was to the overruling of this objection that the exception chiefly relied on was taken. No specific defect in the complaint was pointed out at the time, but it is contended that that was unnecessary because the court overruled the objection summarily and declined to hear argument upon it and because a defect of this nature may be taken advantage of at any time—even after verdict. We need not consider these preliminary questions because in our opinion the complaint does state a cause of action.

The alleged defect now pointed out is that no promise is alleged. It will be sufficient to refer only to the count for the balance due on goods sold and delivered. It is alleged, among other things, that the goods were "sold and delivered unto the defendants by the plaintiffs at the special instance and request of the defendants  *  *  *  and that the said sum is now due and owing unto the said plaintiffs from the said defendants," but it is. not alleged, as was the practice at common law, that the defendants undertook and promised to pay on request.

The common law requirement of an allegation of a promise in a common count in indebitatus assumpsit is the result of the historical evolution of that form of action and the resort to fictions—so usual in the early history of the common law,—in order to work substantial justice and meet growing needs without departing from established forms. 1 Ch. Pl. 308; Pom. Rem. & Rem. Rights, Sec. 512; Bliss, Code Pl., Secs. 12, 152, 154; Holmes, Com. Law, 274 *et seq.* Even at common law it was not necessary to use the word "promise". The equivalent of that was sufficient. Whether the allegations in this complaint would be considered as satisfying that requirement we need not say, for the complaint is sufficient under our statutes and practice.

Under the English Common Law Procedure Act and the code practice that exists in many of the United States, under which a plain and concise statement of the facts is all that is required, it is held sufficient to allege merely the facts from which the promise is implied.    Common counts are held proper under the code system, but a promise need not be alleged.    Thus, in the state of New York, it was formerly held, in one of the cases most frequently cited in support of the common law rule, that a promise must be alleged.    *Candler v. Rossiter,* 10 Wend. 487. But after the adoption of the code the contrary view was taken. *Allen v. Patterson,* 7 N. Y. 476; *Cropsey v. Sweeney,* 27 Barb. 310.    See also *Wilkins v. Stidger,* 22 Cal. 232, 236; *Kraner v. Halsey,* 82 Cal. 209; *Solomon v. Vinson,* 31 Minn. 205; *Campbell v. Shiland,* 14 Col. 491; *Watkins v. De Armond,* 89 Ind. 553.    Although the code system has not been adopted in Hawaii, its principles have been adopted or applied to the extent of rendering unnecessary many of the forms and fictions of the common law.    The statutes have for more than half a century prescribed forms of action which do not require useless or fictitious allegations.    See C. L., Secs. 1210, 1216, 1232, 1234. The fact that the complaint in this instance does not follow strictly the appropriate statutory form does not make it necessary to consider it a common law pleading subject to all the requirements of that system of pleading.    A substantial compliance with the statutory form is sufficient.    *Shillaber v. Waldo,* 1 Haw. 21, 27; *Dowsett v. Brown,* 3 Haw. 815; *Heeia Sugar Pl. Co. v. McKeague,* 5 Haw. 101.    The statutory provision (C. L., Sec. 1232) applicable to a complaint upon an implied promise to pay for goods sold and delivered permits the cause of action to be set forth "circumstantially with the view to proof."    Tested by the substance of this provision, the count in question was sufficient.

2.    The exception chiefly relied on in connection with the count on the note was taken to the overruling of the objection made to the admission of the note in evidence on the ground that it was "incompetent, irrelevant and immaterial" and that no

foundation had been laid for its introduction and that the complaint did not state a cause of action. The ground now urged is that the note was incompetent as evidence because it was not stamped as required by the Federal stamp act of 1898. No mention of this specific ground of incompetency was made in the trial court. Other specific objections were made—which, however, were clearly unsustainable. There is no doubt that the note was incompetent as evidence under the count on the note. *Makainai v. Goo Wan Hoy,* 14 H. 607. But can a general objection of incompetency avail when the specific objection is mentioned for the first time in the appellate court? As a rule, it cannot unless the evidence was inadmissible for any purpose and the specific objection could not have been obviated if it had been made. See Thompson, Trials, Secs. 693, 694, 697; 46 Cent. Dig., Col. 944 *et seq.* for a statement of the rule and its reasons and the citation of numerous cases.

It is well settled that an unstamped instrument may be admitted for collateral purposes though not to sustain an action upon it as such. It is unnecessary to say whether the note in question was admissible for any purpose under the count for goods sold and delivered. For it is clear that even if it were not, the objection to it might have been obviated by procuring it to be stamped in the manner provided in Section 13 of the stamp act, as amended (See *Makainai v. Goo Wan Hoy,* 14 Haw. 683, 684), or the first count of the complaint might have been amended so as to permit of a recovery for the consideration of the note, that is, the goods sold and delivered, in payment for which the note was given,—for the note, not having been paid at maturity did not operate as payment for the goods, and a recovery could be had on the original contract. *Wilson v. Carey,* 40 Vt. 179; *Wayman v. Torreyson,* 4 Nev. 124; *Isreal v. Redding,* 40 Ill. 362; *Joaquin v. Warren,* 40 Ill. 459. See also *Hardy v. Collector,* 1 Haw. 488; *Jan Ban v. Tsen Yim,* 15 Haw. 433.

3. In support of an exception to the direction of the verdict, it is contended that there was at least a scintilla of evi-

dence to show that one of the defendant partners had sold half of his interest in the partnership to one of the plaintiffs. It is settled in this jurisdiction that a mere scintilla of evidence is not sufficient to support a verdict. In the present case the testimony of the defendant whose half interest was sold and the written memorandum of the transaction showed beyond question that the sale was to the brother of one of the plaintiffs and not to that plaintiff himself. The complaint was amended so as to make the brother a party defendant.

The remaining exceptions need not be considered as they either are abandoned or raise questions that have been considered already.

The exceptions are overruled.

*Thayer & Hemenway* for the plaintiffs.

*Castle & Withington* and *W. L. Whitney* for defendants.