## In re Estate of Robert Rudowsky, deceased. Charles Gottlob Todtleben, Executor, Appellant, v. Margaret E. Rudowsky, Executrix, Appellee.

### Gen. No. 18,394.

1. HUSBAND AND WIFE—*liability of husband for necessaries.* The estate of the husband is liable for necessaries furnished to the wife during a separation due to the husband's fault, by a son with whom she lived.

2. HUSBAND AND WIFE—*what testimony by wife in action for necessaries against husband's estate proper.* In an action by a son against his father's estate for necessaries furnished his mother during a separation, testimony of the mother in favor of the son, which is against her interest, is proper when it does not include conversations with the father in his lifetime.

3. EVIDENCE—*when introduction of will in action for necessaries against husband's estate not prejudicial.* Held, in an action against the father's estate by a son for necessaries furnished his mother during a separation, that the introduction of the will of the deceased was not prejudicial to defendant.

Appeal from the Circuit Court of Cook county; the HON. H. STERLING POMEROY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Affirmed. Opinion filed June 3, 1913.

CHRISTIAN MEIER and PAUL C. MEIER, for appellant.

ALBERT C. WENBAN, for appellee.

MR. PRESIDING JUSTICE CLARK delivered the opinion of the court.

This suit arises out of a claim filed by Oscar F. Rudowsky against the estate of Robert Carl Rudowsky, deceased, for the maintenance of his mother, Margaret Rudowsky, the widow of the deceased, during a period extending over the last five years of the decedent's life. On an appeal to the circuit court there was a trial before the court and a jury and a verdict

and judgment rendered in favor of the claimant in the sum of $1,266.

There was evidence tending to show that the deceased and his wife had lived apart for about thirteen years prior to his death, and that she had lived during these years with her son, who was not married; and that the separation was due to the fault of the husband.

The case would seem to be governed by the well known principle of the common law, that the husband is liable for necessaries furnished the wife living apart from him, where the separation was caused by improper treatment on his part, or he assents to or acquiesces in such separation (*Evans v. Fisher,* 10 Ill. [5 Gilm.] 569; *Ross v. Ross,* 69 Ill. 569), unless the rule is different where a mother lives with her son. Our attention has not been called to any authority which holds that the fact that the person who furnishes the necessaries is a son or daughter, in any way alters the rule. In the case of *Watkins v. DeArmond,* 89 Ind. 553, a recovery was allowed the father of a wife who was thus living apart from her husband. We think the same principle should govern when the person making the claim is the son. The estate in the case before us is solvent, and it would appear that the husband during the last years of his life was amply able to support the wife if he had chosen to do so.

It is urged that the testimony of Mrs. Rudowsky was improperly received. We do not agree with that contention. She did not testify as to any conversations with her husband in his lifetime. *Baker v. Baker,* 239 Ill. 82. She was testifying against her own interest, as she was entitled under the statute to one-third of the personal estate after the payment of all debts.

The will of the deceased was admitted in evidence over objection. Whether or not it was allowable in evidence, we do not think its introduction prejudiced the appellant.

It is urged that the verdict was against the manifest weight of the evidence. We have carefully examined the record, and do not think there should be a new trial on that ground.

If any instructions were given by the court to the jury in the case, they do not appear in the record before us, and, therefore, we are unable to say whether or not the court properly instructed the jury as to certain questions of law which are raised in the briefs. So far as the record shows, the points are argued in this court for the first time. The judgment will be affirmed.

*Affirmed.*