Leavitt v. Leavitt.

## LEAVITT *vs.* LEAVITT.

4 161
096 232

A promissory note, liable to be stamped by the act of Congress of *July* 6, 1797, cannot be read in evidence, unless it has been stamped, or the holder has complied with the requisitions of the act of *April* 6, 1802.

In an action of *assumpsit* upon a promissory note for more than twenty dollars, given in the year 1799, the defendant objected to

the competency of the note as evidence to the jury, because it was not stamped according to the act of Congress of *July* 6, 1797, nor had the plaintiff paid the duty of ten dollars and obtained the certificate of the collector, under the act of *April* 6, 1802. But the Chief Justice, before whom the cause was tried, admitted the note in evidence, and a verdict was returned for the plaintiffs subject to the opinion of the court.

*Longfellow*, for the defendant, cited *Edeck v. Ranuer* 2 *Johns.* 423.

*Orr* and *Fessenden* for the plaintiff, contended that whatever may be the law upon the question raised at the trial, the verdict ought not now to be disturbed, the note having been stamped since that time, and the extra duty paid.

MELLEN C. J. delivered the opinion of the court as follows.

The act of Congress of *July* 6, 1797, laying duties on stamped vellum, parchment and paper, provides, in the 13th section, that "no such deed, instrument or writing shall be pleaded or given "in evidence in any court, or admitted in any court to be availa- "ble in law or equity, until it shall be stamped as aforesaid." That act remained in force until *April* 6, 1802, on which day it was repealed by the act entitled "an act to repeal the internal taxes;" in the first section of which there is the following provi- so, viz. "Provided, that for the recovery and receipt of such "duties as shall have accrued, and on the day aforesaid remain "outstanding; and for the payment of drawbacks or allowances "on the exportation of any of the said spirits or sugars, legally "entitled thereto; and for the recovery and distribution of fines, "penalties and forfeitures, and the remission thereof, which shall "have been incurred before and on the said day, (i. e. the 30th "of *June*, 1802) the provisions of the aforesaid acts shall remain "in full force and virtue." The note declared on, when offered in evidence at the trial of the cause, had never been stamped; and its admission was objected to on that account by the defendant's

Leavitt *v.* Leavitt.

counsel. I, however, overruled the objection, on the ground that the above quoted proviso had not continued any part of the act of 1797 in force, except for the special purposes and to the limited extent of the proviso, and that as to every thing else the act was a dead letter, in consequence of the repealing act of 1802 ; not then particularly attending to the second proviso in the second section of the act. But on examining that provision, it is evident my opinion at the trial was incorrect ; and that the note should not have been admitted ;—for according to the second proviso abovementioned, any collector in the state is required on payment of the proper stamp duty and additional ten dollars, to indorse the same on the instrument ; and. thereupon, though the same is not stamped, it shall be " to all intents and purposes, as valid and " available to the person holding the same, as if it had been or " were stamped, counterstamped or marked as by law required ; " any thing, in any act, to the contrary notwithstanding." This provision clearly shews that Congress never intended by repealing the act of 1797, to render deeds, instruments and writings which ought by that law to have been stamped, admissible in evidence, unless, after they were written, they had been stamped by the supervisor according to said act ; or should be rendered admissible by payment to the collector, and indorsement by him on the instrument of the stamp duty, and additional ten dollars, according to the second proviso in the second section of the repealing act of 1802.

On this view of the several provisions of the acts before mentioned, the court are of opinion that the note in question was improperly admitted in evidence ; it not having been stamped, nor the additional duty having been paid to the collector. The case cited from *Johnson's Reports* by the defendant's counsel is in unison with this opinion. But it is contended that, as the extra duty and the proper stamp duty have both been paid to the collector in *Portland*, and by him indorsed on said note since the trial, the verdict ought not to be disturbed, because the merits of the cause have once been tried, when the jury had the note before them ; and because the same is now legal evidence. But by the report in this case, it is stated that if the court should be of opinion that

the decision of the Judge at the trial was incorrect, the verdict is to be set aside and a new trial granted. This is the invariable practice, unless the contrary is agreed by the parties. Every citizen has a right to have his cause tried and decided on legal principles ; and where it has been decided on those which the court afterwards pronounce not to be legal, he has a fair right to claim another trial ; and it cannot be proper for the court to refuse it. It may be probable that another jury will decide the cause in the same way as it has already been decided ; and it may be that the defendant will be able to furnish new proof that may give a very different complexion to the defence. On the whole, the verdict must be set aside and a new trial granted.