IRA CHAPLIN *v.* JOHN N. HORTON.

*U. S. Revenue Stamp.　Statute.　Construction.*

A writ to which a United States internal revenue stamp denoting the duty required, has been affixed, is not void because the stamp thereon is not cancelled.

ACTION on the case. The plaintiff's writ in said action was returnable to, and entered at the September Term, 1863, KELLOGG, J., presiding. The defendant, at said term, filed a motion in writing to dismiss the suit. On the hearing on said motion, it appeared that the adhesive revenue stamp affixed to the writ, had not been cancelled, and the court thereupon decided that the suit should be dismissed. To this decision the plaintiff excepted.

Chaplin *v.* Horton.

*Reuben R. Thrall,* for the plaintiff.

*Martin G. Everts,* for the defendant.

PECK, J. The question is, whether the county court erred in dismissing the suit upon the defendant's motion. The ground of the motion is, that the United States revenue stamp affixed to the writ was not cancelled, as required by the act of Congress. It is claimed by the defendant's counsel that the want of such cancellation renders the writ null and void by the act of Congress of July 1, 1862. Section 95 of that act is relied on in support of this proposition. There are two modes of complying with the provisions of that act relating to stamp duties upon written instruments ; one by the use of stamped paper which the commissioner of internal revenue is authorized to prepare and sell ; the other by attaching to the instrument, when made or used, a a government stamp denoting the duty required. When the instrument is written upon stamped paper, there being no danger of the stamp being detached and used again, the stamp is not required by the act to be cancelled. Sec. 99, requiring cancellation, is limited to adhesive stamps. Sec. 95, the penal section relied on by the defendant's counsel, provides, "that if any person or persons shall make, sign or issue, or cause to be made, signed or issued, any instrument, document or paper of any kind or description whatsoever, without the same being duly stamped for denoting the duty hereby imposed thereon, or without having thereupon an adhesive stamp to denote said duty, such person or persons shall incur the penalty of fifty dollars, and such instrument, document or paper as aforesaid shall be null and void." Does this section visit the prescribed penalties upon the neglect to cancel the stamp? Thus far in the act no cancellation of the stamp had been required. That requirement is in a subsequent section. It is difficult to interpret section 95 so as to include cancellation. The words, " *duly* stamped," probably have reference to the use of stamped paper only, otherwise the alternative phrase, " *or without having thereupon an adhesive stamp,*" would be superfluous. These two alternative phrases seem to have reference to the two modes of stamping, respect-

ively. If so, it is difficult to say that cancellation is included in this section, or that the penalty applies to the neglect to cancel. The latter alternative in that section is literally complied with in this case, as the writ has "*thereupon an adhesive stamp to denote said duty.*" But what is most decisive is, that the whole subject of the cancellation of stamps is regulated by a subsequent section, sec. 99. That section creates the duty to cancel, and imposes the penalty for the neglect. If the writ is void, it is because it is made so by sec. 99, and if not made so by that section, it is valid. That section provides that when an adhesive stamp shall be used, it shall be cancelled, and prescribes the mode of cancelling. It then provides that, "if any person shall fraudulently make use of any adhesive stamp to denote any duty imposed by this act, without so effectually cancelling and obliterating such stamp, except as before mentioned, he, she, or they, shall forfeit the sum of fifty dollars," &c. This section imposes a pecuniary penalty of fifty dollars for a fraudulent omission to cancel the stamp, but omits entirely that provision in sec. 95, rendering the instrument void. It is evident that the intention was to impose a more severe penalty for neglecting to put on the stamp, than for not cancelling it when put upon the instrument. In the former case the government is actually defrauded of the amount of the stamp duty; while in the latter case there is no actual loss to the government, there is only the danger of loss by a second use of the stamp. The one is an actual fraud to the injury of the government, the other is at most but an intent to defraud at some future time, which may never be effected. If Congress had intended to render the instrument void for the neglect to cancel the stamp, they would not have omitted in this section that part of the penalty inflicted in sec. 95. But if we could supply this omission in sec. 99 by implication, we could not hold the writ void in this case, as it does not appear that any penalty has been incurred. Sec. 99 imposes the penalty of fifty dollars only when the party *fraudulently* omits to cancel the stamp. It is not alleged in the motion, nor found by the county court, that the neglect or omission was fraudulent. It is consistent with the facts alleged in the motion, and with the finding of the

county court, that the omission to cancel the stamp was accidental.

The writ not being void, the judgment of the county court is reversed, and the case remanded.

The plaintiff's counsel now moves for leave to cancel the stamp, alleging that the omission was accidental. For the purposes of this suit it is immaterial whether it is cancelled or not, as we hold the writ valid; but for the protection of the United States Government, it is proper that the stamp should be cancelled, as that is a preventive which the act of Congress requires to prevent another use of the same stamp.

The leave is granted, as we cannot see that it can prejudice the government in their remedy for the penalty, if any has been incurred. The records of this court will show when the stamp was cancelled, or at least that it was not cancelled when used.