## M. SCHULTZ v. J. C. HERNDON.

1—Notes sued on and filed with the petition, as exhibits, do not become parts of the petition, and can not be so treated in the determination of a demurrer to the petition, notwithstanding that they be referred to in the petition as parts thereof.

2—A revenue stamp upon a note may well be cancelled by the initials of the payee instead of those of the maker.

3—If there be a legal revenue stamp upon a note, whether such stamp be or be not cancelled, the note may be used as evidence in the courts of this State.

ERROR from Guadalupe. Tried below before the Hon. J. J. Thornton.

The petition referred to the notes sued on as "part of this petition." The other facts are fully stated in the opinion.

*John P. White*, for plaintiff in error.

*John Ireland*, for defendant in error.

LINDSAY, J.—Upon three promissory notes, executed and delivered cotemporaneously by the appellee to the appellant, for the aggregate sum of two hundred and fifty dollars, all maturing at the same time, and bearing the same rate of interest, suit was brought by the appellant against the appellee, and an attachment sued out and levied upon certain specific property of the appellee. To the petition of the plaintiff in the court below, a demurrer was filed and sustained by the court. This judgment is now sought to be reversed in this court.

The petition sets out, in language at least certain to a common intent, the nature of the cause of action, by describing the notes sued upon, with the usual allegations of the promise and the breach, and superadds, by way of "exhibits," the notes themselves, which were the foundation of the demand.

For the manifestation of the cause of action to the court, the exhibition of the notes in the pleading was not necessary to entitle the plaintiff to be heard ; and in adjudicating the question whether the petition set forth a good cause of action, the notes could not, with any legal fitness, be taken into consideration of the demurrer.    They were nothing more than testimony, or instruments of evidence, to be used upon the trial after issue formed.    Testing the mere petition by the rules of pleading, without regard to the notes, which were the foundation of the action, and which would be legitimate testimony upon the trial, it clearly presented a good cause of action, and the demurrer to it ought to have been overruled, and the case tried upon its merits.    For this error of the court, the judgment must be reversed.    If there was any objection to the notes exhibited, this could only be taken advantage of under an issue of fact, when offered as testimony upon trial, and not under a mere issue of law.

As the cause must be remanded, and a question may be again raised in the court below, as to the validity of the notes as instruments of evidence, it is proper, as it has been mooted in this court, that we should decide at once upon the sufficiency of the stamps affixed to the notes.    There is a revenue stamp upon each of the notes, as appears upon the originals, which were ordered to be sent up with the transcript of the record. The cancellation was made, however, by the initials of the holder or payee of the notes. And it seems to have been regarded such a defect as to render the notes invalid.    We can not so regard it.    Mr. Parsons, in his Treatise on Contracts, vol. 3, p. 290, says: " The validity of the instrument is not affected by not cancelling the stamp, under our statute." And that " the difference in the consequences of non-cancelling, makes the question as to whose duty it is to cancel the stamp, one of comparatively little importance." If there be a legal stamp upon the instrument, whether cancelled or not, that is sufficient to entitle a party to use it in evidence in the State courts, whatever might be its condition, under like circumstances, in the

Federal courts. Hence, we conclude, if the note, or writing, appears to the court with a proper stamp, "denoting the amount of duty," it is not invalidated as a legal instrument of evidence, however informal may be the attempted method of compliance with the law of Congress. The State courts, in subordination to the National Government, are only bound to see to it that that government is not defrauded of its revenue by any attempt to evade the provisions of the act of Congress prescribing stamp duties. This is the duty of a State court in its judicial administration. By the municipal law of the State, the notes are binding upon obligors without stamps. The act of Congress only binds the State to disregard them as evidence when unstamped. With the other sanctions of the stamp acts, the national courts and national authorities alone have any thing to do.

In this case, therefore, we think these stamped notes may be properly used on the trial, unless they can justly be assailed upon some other ground.

Wherefore, the judgment is reversed and the cause remanded.

Reversed and remanded.