Cole, Ch. J.
*273 1. Stamps : railroad subscriptions. *272 I. The defendant’s subscription was upon a page of the subscription book with seven others, like *273 subscribers, and tbereon was á forty cent reve_ " nne stamp marked “ canceled 11.” The proof showed that it was so canceled by the agents of plaintiff. The defendant objected to the sufficiency of the stamp and of its cancellation, as well as to the authority to cancel. Express authority to stamp and cancel was given in the contract of subscription itself; the fact of cancellation is not questioned, and surely its manner could not affect the validity of the contract; nor do we see any objection to the aggregation of the eight several stamp duties into one stamp, under the joint authority given, since the government receives the proper revenue.
2. Evidence: parol: when admissible, II. The court, against the objections of the defendant, permitted the plaintiff to prove, by the parol testimony of two witnesses, the facts that the contract for _ grading was let, and that the city of Ottumwa, Iowa, was made a point in said road, prior to the bringing of this suit. The grounds of the objection were, that such testimony was secondary for that the contract itself, and the surveys and plats were the best evidence. Not so ; for while the contract and survey might show the terms of the one, and the precise angles and details of the other, yet they do not fall within either of the three classes where the writing is primary, to wit: those which the law requires should be in writing; contracts which the parties have put in writing; and other writings, the existence of which is disputed, and which are material to the issue. 1 Greenl. on Ev., § 85. Eor instance, if the contract and survey were introduced in evidence, they would not conclude the defendant, because he was not a party to them. If they would not conclude him, being between third parties, but only tend to establish the fact, which he may dispute by other and parol evidence, it would seem reasonably clear that other and independent proof of the fact itself might properly be offered by the plaintiff in the first instance. It will be remembered that it was the fact that a contract *274 had been made, and not the terms or contents of the contract, which was proven by parol.
3_oorpo-ration books, III. The plaintiff introduced in evidence certain pages of its record of the regular corporate proceedings, which were objected to as immaterial. They certainly contained matters bearing upon the issues; and, it is stated, that, as a general rule, corporate books are evidence of the acts and proceedings of the corporate body, when it appears that they are kept as such by the proper officer, or some person authorized to make entries in their necessary absence, etc. Ang. & Ames on Corp., § 619, and authorities cited in notes 3 and &.
i. railroad £~0-0V_ ery on. IY. It is not necessary to set out at length the numerous instructions given, and asked and refused, to which exceptions were taken. It is only necessary to say, in reply to the various positions assumed by appella;at’s counsel, that although the action was brought to recover the entire subscription, yet the plaintiff might recover the five per cent, payable without any proviso, even if it failed in proving its right to the other installments; that certainly the records of the company offered in evidence were entitled to the careful consideration of the jury, and that what they and the other evidence proved was for the jury to determine; that the precise location of the road along the whole line was not a condition precedent to the plaintiff’s recovery; that the fact whether the plaintiff had let the contract for grading was for the jury to determine upon the whole evidence, and not for the court upon the records of plaintiff’s corporation books alone; that it was not necessary for the plaintiff to prove notice to the defendant of the calls, other than by publishing the same as shown, before it could recover.
5. verdict: ings. " Y. The jury found a general verdict for plaintiff upon the whole evidence; and also found a special verdict as to what appeared from the plaintiff’s books or corporation records. The special findings may *275 all be fully true and yet tbe general verdict be entirely right. In such case it was not error to render judgment upon the general verdict. The whole evidence is not before us.
Affirmed.