## SUPREME COURT—IN BANCO.

### JANUARY TERM—1872.

*Allen, Ch. J., Hartwell and Widemann, J. J.*

### JOHN MCKEAGUE *vs.* J. R. HELEN.

RIGID forms of pleading not required in the Courts not of record, and amendments can be made at any stage of proceedings.

ASSUMPSIT lies for money had and received, and not CASE. An AGENT is liable if he exceed his authority.

ALLEN, C. J.: This case comes up on appeal from the Police Justice of Honolulu.

An action for money had and received was brought against the defendant, for money received by him from the plaintiff on account of premium on application for a policy of insurance on the life of said plaintiff, to the "Mutual Life

Insurance Company of New York," and the Police Justice ruled that if the agent exceeded his authority, as alleged by the plaintiff, in giving receipt for the money paid by him, the remedy would be, action on the case, and not assumpsit for money had and received, and on this ground the nonsuit was entered.

When one has received the money of another, and has not the right to retain it, the law implies that he will pay it over. *Indebitatus Assumpsit*, for money had and received by the defendant, to the use of the plaintiff, is the proper form of action for money so received. This is a general principle of law, and the statute does not conflict with it.

In addition, the statute does not require rigid forms of pleading in the Courts not of record, for amendments can be made at any stage of the proceedings when the justice of the case requires it. We are of opinion, therefore, that the Police Magistrate erred in ordering a *non-suit*.

The second ground of non-suit was, that the action should have been brought against the "New York Mutual Life Insurance Company," and not against the present defendant, he being only an agent of said company. The Court are not satisfied from the case as presented, that the agent acted within the authority as given him by the company. If he exceeded it, he is of course liable, unless it should be proved that his acts were recognized by the company, and without deceit or detriment to the plaintiff.

In view of all the circumstances of the case, we deem it our duty to set aside the non-suit and order the case back to the Police Magistrate for trial.

A. F. Judd for the plaintiff.

S. B. Dole for the defendant.