HEEIA SUGAR PLANTATION CO. *vs.* JOHN McKEAGUE.

EXCEPTIONS.

JANUARY TERM, 1884.

JUDD, C. J.; McCULLY and AUSTIN, JJ.

In absence of legislation forbidding it, a corporation can sustain a suit beyond the jurisdiction wherein it was constituted.

A Foreign Corporation, suing in this Kingdom, must set forth in its declaration that it has complied with the laws of the Kingdom as to foreign corporations.

Forms of complaints given in the Code are only guides to pleaders, and departures from them are not fatal to the complaint.

The authority of an agent or attorney making affidavit to a complaint, is not a proper subject of demurrer.

OPINION OF THE COURT, PER JUDD, C. J.

The case comes to this Court upon exceptions to the overruling of a demurrer to the complaint. The complaint avers, "that at the various times and dates hereinafter mentioned, the plaintiff was, and now is, a body corporate, duly incorporated under the laws of the State of California, United States of America, and as such corporation then was and now is acting and doing business on the Island of Oahu."

The demurrer reads, "That the said declaration, after alleging that the plaintiff is a foreign corporation, fails to show or allege that the said corporation has complied with the law of this Kingdom by filing in the office of the Minister of Interior the requisite

designation of a person upon whom service of process could be made."

There is abundant authority supporting the view that in the absence of legislation forbidding it, a foreign corporation can sustain a suit beyond the jurisdiction wherein it was constituted.

*Silver Lake Bank vs. North,* 4 Johns. Chanc. 370. Angell & Ames on Corporations Chap. XI.

But it is not necessary to enlarge upon this point, since we have a statute which prescribes that a foreign corporation shall be denied the benefit of the laws of this Kingdom unless it shall file in the Interior Office a designation of a person upon whom service of process can be made ; and by Act of the Legislature of 1880 certain other requisites are to be complied with.

It is quite generally held that a corporation may declare in its corporate name without setting forth in the declaration the act of incorporation.    Angell & Ames, Corp. Sec. 632, and cases there cited.    But though it may not be necessary in the case before us to set forth the charter of the plaintiff, or the various steps it may have taken under the laws of the Kingdom, to enable it to do business in this country, we think it is necessary to set forth in the declaration that it is "legally" doing business in this country, or some other expression to indicate that it has complied with the laws of this Kingdom, in respect to foreign corporations.

We think this is necessary, in order that an issue can be made by which these facts can be inquired into.    The averment that the foreign corporation "is now acting and doing business in the Island of Oahu," might be true of a foreign corporation that has not complied with the laws of Hawaii.

In those countries where the common law exists, the rules of special pleading would require that the question, as to the corporate character of the plaintiff, be made by a plea in abatement, since by pleading to the merits, the defendant admits the capacity of the plaintiff to sue.    But the plea of the general issue by our statute allows the defendant "to give in evidence, as a defense to any civil action, any matter of law or fact whatever."    Civil Code, Secs. 1106 and 1107.

And under this plea, the plaintiff, on its amended petition, would be required to show its corporate existence and its com-

pliance with the law.   We allow the demurrer on this ground, and the plaintiff may amend accordingly and the defendant answer in twenty days.

The further objection is made that the conclusion of the complaint is insufficient, in that the plaintiff merely prays that process issue citing defendant to appear and answer the demand of the plaintiff, whereas he should pray for "process to cite the defendant to appear and answer this, his complaint, before a jury of the country at the.................. term of this Court," etc.

The forms given in the Code for complaints in civil actions are only guides to pleaders.   Declarations may be "in substance" according to the form given.   The law does not require an exact compliance with the form, and a prayer for process citing defendant to appear and answer would entitle plaintiff to whatever process was suitable to his case under the law.   We think it better practice to conclude with a prayer for process as indicated in the form, but do not think the departure in the plaintiff's declaration to be fatal.

As regards the authority of M. Neisser to make affidavit to the complaint as attorney, agent or director of the corporation, we think this is not a proper subject of demurrer.

*P. Neumann* and *E. Preston*, for plaintiff.

*J. M. Davidson*, for defendant.

Honolulu, February 4, 1884.