# HAWAII MILL COMPANY, LIMITED, *v.* ALFRED ANDRADE.

## EXCEPTIONS FROM CIRCUIT COURT, FOURTH CIRCUIT.

### SUBMITTED NOVEMBER 24, 1902.	DECIDED DECEMBER 2, 1902.

#### FREAR, C.J., GALBRAITH AND PERRY, JJ.

It is error for a Circuit Court to grant a motion for non-suit at the commencement of a trial of a cause appealed from the District Court on the ground that the declaration fails to allege that the plaintiff is a corporation.

### OPINION OF THE COURT BY GALBRAITH, J.

The plaintiff commenced an action in the District Court for South Hilo, Hawaii, to recover damages for an alleged trespass, and judgment was entered against the defendant for $150.00 and costs. The defendant appealed to the Circuit Court for the Fourth Circuit. In the latter court a stipulation was filed waiving a jury and agreeing that the cause might be tried to the court. When the case was called and the plaintiff had placed its first witness on the stand, the defendant moved that a non-suit be entered on the ground that the declaration was indefinite and uncertain in that it failed to allege that the plaintiff was a corporation. This motion was granted and the plaintiff excepted and comes to this court by bill of exceptions.

There is no allegation in the declaration that the plaintiff is a corporation. It is referred to as "Hawaii Mill Co., Ltd."; although the transcript from the District Court shows that proof was there made that the plaintiff was a corporation. The motion for non-suit was made after answer of the general issue. The joining issue under the practice in many of the states would be

held to be an admission of the character in which the plaintiff sued.   6 Thompson, Corporations, Sec. 7665 and cases cited in Note 3.

There are many cases that hold, that in actions by or against a corporation whether *ex contractu* or *ex delicto*, it is not necessary to allege that the plaintiff or the defendant is a corporation.   6 Thompson, Sec. 7658.   "Most of these decisions proceed upon the ground that where the plaintiff or the defendant, as the case may be, is *described* in the declaration or complaint *by a name which naturally imports that it is a corporation*, that is a sufficient allegation that such is the fact, for the purposes of an action until it is controverted." *Id.* p. 6074.   Other courts hold that it is neither necessary to allege that the plaintiff is a corporation or to prove that fact on the trial in the absence of a special plea putting the fact of incorporation in issue.   *Indianapolis Sun Company v. Howell*, 53 Ind. 527; *Stanley v. Railroad Co.*, 89 N. C. 331; *Cement Co. v. Noble*, 15 F. 502.

This court held where the declaration showed that the plaintiff was a foreign corporation doing business in these islands that it was also necessary to show that it was "lawfully" doing business here for the reason, presumably, that the statutes required foreign corporations to comply with its provisions in order to be entitled to do business on these islands or to sue in the courts. *Heeia Plantation v. McKeague*, 5 Haw. 101.   This case is not contrary to the general statement above quoted from Thompson.

The statutes of this Territory authorize corporations to have a corporate name and to sue and be sued in any court.   (Sec. 2009, C. L.)   There does not seem to be any more reason for requiring a corporation, an artificial person, to allege its capacity to sue by affirmative averments than there is for a natural person.   The presumption of capacity indulged in favor of the latter ought to be extended to the former at least until the same is brought in question by proper plea.

This liberal rule of pleading seems particularly applicable to District Court cases since the pleading and practice in those courts is less formal than in courts of record and to such cases on

appeal where, as here, the trial on appeal may be had on the pleadings made in the lower court.

The motion for non-suit was improperly granted for the reason (1) that it was not necessary to allege in the declaration that plaintiff was incorporated (2) that there was nothing in the motion or pleadings, other than the plaintiff's name, to show that it was or was not a corporation.

The exceptions are sustained and a new trial ordered.

*Smith & Parsons* and *Thayer & Hemenway* for plaintiff.

*Fitch & Highton* for defendant.