*C. W. Ashford* and *E. A. C. Long* for appellant.

*J. W. Cathcart* for appellees.

---

## JESSE MAKAINAI *v.* GOO WAN HOY.

## JESSE MAKAINAI *v.* GOO WAN HOY.

### MOTIONS FOR REHEARING.

SUBMITTED MARCH 25, 1903.          DECIDED MAY 20, 1903.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

The repeal of the provisions of the Federal Stamp Act that required stamps to be placed on promissory notes does not affect notes made before such repeal,—the provisions that impose penalties, make instruments invalid or inadmissible as evidence until stamped and that provide how they shall be stamped afterwards if not stamped when made, not having been repealed.

Instruments not stamped when made can be legally stamped afterwards only as prescribed by law, that is, by going before the Collector.

A rehearing is denied.

#### OPINION OF THE COURT BY FREAR, C.J.

Two grounds are relied on in support of these motions for a rehearing.

One is that the decision, *ante*, 607, is in conflict with controll-

ing decisions elsewhere that were not called to the attention of the court at the former hearing. The numerous decisions now relied on do not appear to be controlling on this point.

The other ground is that the portion of the Federal statute on which the decision was based has been repealed. This point was suggested by the court at the former hearing and argued by counsel for the defendant in their brief, and was considered by the court, but, as was the case with a number of other questions not then or now presented by counsel, was not touched upon in the opinion for the reason that counsel for the plaintiff did not rely upon them. One answer to this point is that the parts of the statute on which the former decision was based had not been repealed, namely, Sections 7, 13 and 14 of the Act of 1898 (30 Sts. at L. 448). See *Edeck v. Ranuer*, 2 Johns. 423; *Leavitt v. Leavitt*, 4 Me. 161. The provision that required stamps on future instruments had been repealed, but the provisions that imposed penalties, made instruments invalid or inadmissible as evidence until stamped, and that provided how they should be stamped afterwards if they were not stamped originally, had not been repealed.

Just what view the District Magistrate took, it is difficult to say from the meager record sent up. He might have found in one case at least that the omission to stamp was "with intent to evade" the law. But let us assume that he found in each case merely that the notes were not stamped when made. There is sufficient evidence to sustain such a finding. They would then be inadmissible as evidence under Sections 7 and 14 of the Act until they were stamped on application to the Collector under the provisions of Section 13; but they had not been so stamped, and no motion was made for a continuance for the purpose of having them so stamped.

It is true that decisions can be found that hold that documents not originally stamped can be stamped afterwards either in the presence of the court or out of court, as well as before the Collector. But those decisions are either based on former statutes differently worded, or have been so decided inadvertently on the supposition that the present statute was the same as the earlier

statutes. Other decisions are to the effect that under statutes like the present the method provided in Section 13 is exclusive, and such is our opinion. For a review of the changes in the statutes and for decisions on this point under the various statutes, see subdiv. V. a. 1 of note in 48 L. R. A. 314. But this point is not raised even on these motions for a rehearing.

The motions for a rehearing are denied.

*Achi & Johnson* and *Humphreys & Watson* for plaintiff.

*Holmes & Stanley* and *J. H. Knight* for defendant.

### DISSENTING OPINION OF GALBRAITH, J.

I concur in the order overruling the motion for rehearing for the reason that the grounds on which it is based are not well taken. However, I am convinced, on further investigation, that there was an error in the former judgment that the court of its own motion should correct.

I understand that there are some propositions developed in the construction of the War Revenue Act of 1898, and the earlier Acts of a similar character, that may now be said to be well established by judicial authority, namely, (1) that a note issued without a stamp, while that part of the Act requiring notes to be stamped was in force, is not void unless the failure to stamp was with intent to defraud the revenue and avoid paying the tax, and (2) that no presumption of fraudulent intent arises from a mere failure to stamp an instrument at the date of its issuance. *Harvey v. Wieland*, (Iowa) 88 N. W. 1077; *Steeley's Creditors v. Steeley et al.*, (Ky.) 64 So. W. 642, 643; *Jones v. Western M'f'g. Co.*, (Wash.) 67 Pac. 586; *Cassidy v. St. Germain*, (R. I.) 46 Atl. 35; *Rheinstrom v. Conc*, 26 Wis. 163; *Latham v. Smith*, 45 Ill. 29; *McGovern v. Hoesbeck*, 53 Pa. St. 176, 179; *Grant v. The Connecticut Mutual Life Ins. Co.*, 29 Wis. 125, 135; *Desmond v. Norris*, 92 Mass. 250; (3) that where the failure to stamp was through mistake or inadvertence, the instrument may be post-stamped within twelve months after its date, without the payment of penalty, in the discretion of the Collector of Internal Revenue of the District, and at any time

after twelve months by the payment of the penalty; see Section 13, Chapter 806, Act of March 2, 1901, 31 U. S. St. L. p. 941. *Harvey v. Wieland,* and *Jones v. Western M'f'g. Co.* supra; and (4) that the failure to cancel the stamp as required by the Act does not affect the validity of the instrument or its admissibility in evidence. *Doffin v. Guyer,* 39 Ind. 215; *Goodwin v. Wanz,* 25 *id.* 101; *Adams v. Dole,* 29 *id.* 273; *Long v. Spencer,* 78 Pa. St. 303, 307; *Miller v. Wentworth,* 82 *id.* 280, 287; *St. Louis and C. R. R. Co. v. Eakins,* 30 Iowa 279; *Union Agricultural and Stock Association v. Neill,* 31 *id.* 95; *De Armond v. Dubose,* 22 La. Ann. 131 (2 AM. Rep. 718); *Desmond v. Norris,* 92 Mass. (10 Allen) 250; *Shultz v. Herndon,* 32 Texas 390; *Jacobs v. Cunningham,* 32 *id.* 774; *Chaplin v. Horton,* 36 Vt. 684; *Lerch v. Snyder,* 112 Pa. St. 161, 167.

While the record does not show that the Magistrate made any finding on the question of fraudulent intent, I presume that he found, as he might have done, an intent to defraud the revenue, in the one case, from the use of cancelled stamps,—the case where the stamps bore the cancel mark of Bishop & Co., of a year prior to date of the note. In that case the judgment for the defendant ought to be sustained. In the other case where the correct amount of stamps were attached to the note and the cancellation was with cross, made with pen and ink, the judgment should have been for the plaintiff. The failure to cancel the stamps as required by the law did not render the note void or inadmissible in evidence. No intention to defraud could be inferred from the mere failure to cancel the stamps and to date and initial the cancellation. The judgment for the defendant in that case was error, and should be set aside.

The former judgment rendered in these cases ought to be modified as follows: The appeal in the one case, that where the stamps were cancelled with pen, should be sustained and the cause remanded to the District Magistrate with direction to set aside the judgment for the defendant and for further proceedings.