## LAU BOW *v.* FRED M. KILEY AND JAS. B. GORMAN.

### APPEAL FROM DISTRICT COURT, HONOLULU.

ARGUED DECEMBER 4, 1905.     DECIDED DECEMBER 11, 1905.

FREAR, C.J., HARTWELL AND WILDER, JJ.

PLEADING—*amendment—abuse of discretion.*

> Plaintiff having been nonsuited in an action on a promissory note on the ground that the note was not stamped, the evidence showing that the note had been given for goods sold and delivered, the district court abused its discretion in refusing to allow plaintiff to amend the complaint by adding a count for goods sold and delivered.

#### OPINION OF THE COURT BY WILDER, J.

Plaintiff sued defendants in the district court of Honolulu in assumpsit upon a promissory note. At the trial plaintiff proved that defendants were partners in buying and selling bananas, and that the note sued on was given plaintiff for bananas purchased by defendants. The note was refused in evidence on the ground that it was not stamped. Plaintiff thereupon moved for leave to amend his complaint by adding thereto a count for goods sold and delivered to defendants by plaintiff, which motion was denied, and plaintiff was nonsuited. Plaintiff appealed to this court on the point of law that the dis-

trict court erred and grossly abused its discretion in refusing to allow the amendment.

The district court undoubtedly had the power to allow this amendment. The only question is whether it abused its discretion in refusing to allow it.

In the case of *Lum Sung v. Luning,* 13 Haw. 665, the declaration described the plaintiffs as "Yee Sing Tai Company" and the proofs showed the name of the firm to be "Yee Sing Tai." It was held that the circuit court abused its discretion in refusing to allow plaintiffs to amend by striking out the word "company." The court said on page 667: "This is one of the amendments which the trial court was by the statute specifically authorized to allow, to wit, a correction in the name of a party. It was not a change or substitution of parties. The power being thus conferred, it is the duty of the court to exercise it in a proper case. * * * It may be that the matter of the allowance of amendments is largely within the discretion of the trial court. Even under this rule, however, where there is an abuse of discretion, the appellate court may reverse. In this case we think there was an abuse of discretion. The furtherance of justice required, beyond question, the allowance of the amendment; no possible prejudice could result therefrom to the defendant."

The case at bar is not as clear as that one, yet the application of that rule requires us to hold that the amendment asked for should have been allowed, and that it was an abuse of discretion to refuse to allow it. Defendants could not have been prejudiced by the allowance of the amendment, as one of them had testified that the note had been given for goods sold and delivered, and they were, or could have been, as well prepared to defend against the action on the note as against the action for goods sold and delivered.

In *Wo Sing & Co. v. Kwong Chong Wai Co.,* 16 Haw. 17, this court intimated that an amendment similar to the one in question should be allowed. That was an action for a balance alleged to be due for goods sold and delivered and also for the amount of a note. In connection with the count on the note

the original note, although unstamped, was introduced, the objection on the ground of its being unstamped not having been raised in the trial court. The court said on page 20: "It is well settled that an unstamped instrument may be admitted for collateral purposes though not to sustain an action upon it as such. It is unnecessary to say whether the note in question was admissible for any purpose under the count for goods sold and delivered. For it is clear that even if it were not, the objection to it might have been obviated by procuring it to be stamped in the manner provided in section 13 of the stamp act, as amended (see *Makainai v. Goo Wan Hoy,* 14 Haw. 683, 684), or the first count of the complaint might have been amended so as to permit of a recovery for the consideration of the note, that is, the goods sold and delivered, in payment for which the note was given,—for the note, not having been paid at maturity did not operate as payment for the goods, and a recovery could be had on the original contract." This court seems to have taken it for granted that if the specific objection to the note had been made in the trial court and the note consequently not allowed in evidence yet the complaint could have been amended so as to obviate the difficulty.

*McKeague v. Helen,* 3 Haw. 328, relied on by plaintiff, is not in point, because in that case the action was for money had and received and the police justice ordered a nonsuit on the ground that the remedy was by an action on the case, but this court held that it was properly brought for money had and received.

Although negligence and laxity in pleadings should not be encouraged, yet amendments should be liberally allowed, particularly in the district court, to conform the pleadings to the facts proved.

The appeal is sustained, the judgment set aside, and the case remanded to the district court of Honolulu for further proceedings consistent with this opinion.

*A. S. Humphreys* for plaintiff.

No appearance for defendants.