JAMES L. HOLT, TAX ASSESSOR AND COLLECTOR OF THE FIRST TAXATION DIVISION *v.* WONG KWAI.

## SAME *v.* JOHN L. COLBURN.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED OCTOBER 10, 1906.    DECIDED OCTOBER 15, 1906.

FREAR, C.J., HARTWELL AND WILDER, JJ.

SPLITTING CAUSE OF ACTION—*income and property taxes for same year.*
    A single cause of action cannot be split for the purpose of bringing separate actions on the different parts, but income and property taxes, though for the same year, are distinct causes of action and judgment for one does not bar an action for the other.

OPINION OF THE COURT BY FREAR, C.J.

These cases involve the same question, namely, whether separate actions may be brought for income and property taxes respectively for the same year.

In the Wong Kwai case the collector brought an action in the district court of Honolulu for the income tax assessed against the defendant in the year 1901 and shortly afterwards an action for the property taxes assessed in 1901 and 1902. After judgment was rendered for the collector in the first

action, it was orally pleaded in bar of the second action on the theory that there was but one cause of action, which could not be split except with the result of waiving what was not included in the first action, and that after judgment rendered in that action the entire cause became res judicata. The plea was overruled and judgment was entered for the plaintiff. On appeal of both cases to the circuit court jury waived, a similar plea in writing was filed in the second action after judgment, which was for $568.45, including penalties, interest and costs, was rendered in the first action in that court, but the plea was overruled and judgment entered for the plaintiff, for $1990.50. In the Colburn case the facts are similar excepting that the first action was for the income taxes for 1901 and 1902 and the judgments were for $140.18 and $992.21 respectively.

There can be no doubt of the rule of law relied on in support of the pleas in bar, to the effect that, in order to avoid vexatious and oppressive litigation, a single cause of action cannot be split for the purpose of bringing separate actions upon the different parts; and in *Lewers & Cooke v. Redhouse,* 14 Haw. 290, and *Phillips v. Lun Chong Co.,* Id. 295, this court went so far as to hold that a running book account though covering many different items incurred at different dates would ordinarily, but not always, be considered as constituting a single cause of action within the application of this rule. It is clear, however, that income taxes and property taxes, though for the same year, constitute distinct causes of action and may be sued for separately. There is no connection between them. They are distinct kinds of taxes assessed under different statutes at different times in the year and for different periods of time. It is not sufficient that the plaintiff and defendant happen to be the same in both actions, or that both causes might have been joined in one action. The causes of action are distinct and that is the crucial point.

The exceptions are overruled in each case.

*M. F. Prosser, Deputy Attorney General,* for plaintiff.

*C. W. Ashford* for defendant.