## JAMES L. HOLT, TAX ASSESSOR FIRST DIVISION, v. W. C. PEACOCK.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED DECEMBER 2, 1907.　DECIDED DECEMBER 12, 1907.

HARTWELL, C.J., WILDER AND BALLOU, JJ.

PLEADING—*complaint in action to collect taxes.*

> A complaint in an action brought in a district court "for taxes assessed against the person and property" of the defendant for two years is not demurrable on the ground that it contains separate causes of action without being separately stated.

OPINION OF THE COURT BY WILDER, J.

This is an action instituted in the district court of Honolulu for the collection from defendant of personal and property taxes for the years 1904 and 1905, the complaint containing two counts, the first count being "for taxes assessed against the person and property of the defendant" for the years in question, and the second one for "personal taxes" for the same years. Defendant demurred to the complaint on the ground that each count combined separate causes of action without being separately stated. The demurrer was overruled, trial had and judgment entered for plaintiff. On appeal to the circuit court, jury being waived, the demurrer was again overruled, and after a trial judgment rendered for plaintiff. Defendant comes to this court on a bill of exceptions, the only one of which necessary to consider is to the overruling of the demurrer.

The claim of the defendant is that the first count, for taxes in respect of the person and in respect of the property, combines several causes of action without being separately stated, which he contends is contrary to R. L., Sec. 1743. *Holt v. Wong Kwai*, 18 Haw. 13, which held that taxes in respect of

income and of property were distinct causes of action, is relied on to show that taxes in respect of the person and of property are also distinct causes of action, and as a consequence must be separately stated. In our opinion they need not be separately stated in the district court whether distinct causes of action or not. The rule that rigid forms of pleading are not required in district courts, (*McKeague v. Helen,* 3 Haw. 328), applies in cases on appeal from those courts where the pleadings are the same. *Hawaii Mill Co. v. Andrade,* 14 Haw. 500, 501.

It is also contended by defendant that each count being for taxes for two years contains separate causes of action without being separately stated. There is no merit in this contention.

The exceptions are overruled.

*C. R. Hemenway,* Attorney General, for plaintiff.

*C. W. Ashford* for defendant.