No. 12.    ESTATE OF M. V. HOLMES *v.* FUJITANI. Appeal from District Magistrate, Hamakua. Submitted October 22, 1909. Decided October 23, 1909. Hartwell, C. J., Wilder and Perry, JJ. Statement of case. It is averred in the complaint that about February 28, 1906, "an account was stated by and between plaintiff and defendant whereby it was found that the defendant was indebted unto the plaintiff in the sum of $220.69 as balance due for goods, wares and merchandise sold and delivered by plaintiff to said defendant at defendant's special instance and request, at divers times and dates prior to and including the said 28th day of February, 1906," the complaint being accompanied by an affidavit of the plaintiff's manager "that the above account is just, true and correct; that all the goods have been delivered; that it is due, and that all just and lawful offsets, payments and credits have been allowed." The defendant filed an answer in which he "pleads the general issue," with his affidavit that no accounting had been had between the plaintiff and himself February 28, 1906, or at any other time; that the amount alleged to be due "is incorrect and unjust as all lawful offsets, payments and credits have not been allowed," and that if he "is indebted to the plaintiff in any sum he is unable to so state," and leaves

the plaintiff to his proofs; demands an itemized account and statement of dates when he incurred the indebtedness. The plaintiff thereupon filed a plea that the defendant "ought not to be allowed to interpose the general issue" as for two years he had "not at any instance disputed the said amount," and asking, therefore, that the answer be set aside and for judgment, accompanying the plea with an affidavit of the manager that the defendant was indebted to M. V. Holmes, at the time of Holmes' death, in the sum of $370.69; that the manager often went to see the defendant to collect the same and in the latter part of 1905 that the defendant acknowledged the indebtedness and paid thereon $150, leaving a balance of $220.69, and that early in 1906 the defendant again acknowledged the debt and promised to pay it; also affidavit of an employee of the plaintiff that he had often presented bills for the amount in question to the defendant who had not "at any instance disputed the said amount." The defendant then filed his sworn statement that no demand had been made upon him by the plaintiff or any one else for the previous two years or more; that no accounting was ever had between them or opportunity given him either to affirm or deny plaintiff's claim, therefore praying that the plaintiff be required to establish his claim. The magistrate sustained the plaintiff's motion to strike out the plea of general issue and gave judgment for plaintiff for the amount claimed with costs, denying motion in arrest of judgment. The defendant appealed upon the point of law, in substance, that the magistrate erred in granting the motion for judgment without allowing the defendant to be heard in his own defense.

Per curiam. The plaintiff's case does not come within the meaning of Act. 52, S. L. 1905, of an action "founded upon an open account" supported by affidavit of the party that the account is correct; that all the goods have been delivered, and that all lawful offsets, payments and credits have been allowed, which under the statute is to be taken as prima facie evidence

thereof unless the party resisting the claim file with his answer a counter affidavit stating the items which are incorrect and those which are correct, failing which counter affidavit he is not to be permitted to deny the account or any item therein which he shall not particularize in the counter affidavit. An action upon an account stated or for goods sold and delivered, not accompanied by a bill of particulars or a statement of the account, is not an action upon an open account. "Estate of M. V. Holmes" is not the name of a person nor does it appear from the record to be that of a corporation. The defect should be cured before further proceedings. Judgment vacated, case remanded.

*W. W. Thayer* for plaintiff.

*M. T. Furtado* for defendant.