## THE FIDELITY INSURANCE COMPANY, LIMITED, *v.* WILLIAM HENRY.

APPEAL FROM DISTRICT MAGISTRATE OF HONOLULU.

ARGUED MARCH 13, 1912.                    DECIDED MARCH 16, 1912.

ROBERTSON, C.J., PERRY AND DE BOLT, JJ.

CORPORATIONS—*appointment of officer, proof of.*

  The appointment of an officer of a corporation may be proved by the testimony of the officer himself.

SAME—*proof of authority to institute action in corporate name.*

  In an action by a corporation before a district magistrate it is not incumbent upon the plaintiff to prove affirmatively that the institution of the action was authorized by the corporation, and a failure so to do is not ground for non-suit.

OPINION OF THE COURT BY ROBERTSON, C.J.

An action of replevin, entitled as above, was instituted in the district court of Honolulu. When the case came on for trial the defendant challenged the authority of counsel for plaintiff to appear as such counsel. Counsel stated to the court that he had authority to appear for the plaintiff and that he would prove it

Fidelity Ins. Co. v. Henry, 21 Haw. 62.

by the testimony of one A. V. Gear. Mr. Gear was sworn as a witness and testified to being the president of the Fidelity Insurance Company, Limited, and that he had brought the action for the restitution of the property in dispute. He also testified that the plaintiff company owns the articles in question; that they were taken by the defendant and are now in his possession, and that he had been requested to return them. Counsel for the defendant cross-examined the witness; renewed his former objection; and orally interposed a plea in abatement, "no showing of corporate authority to bring suit." The objection and plea were overruled. Counsel concluded his cross-examination of the witness, and, apparently, the plaintiff then rested. The defendant moved for a non-suit which was denied; the defendant testified; and at the conclusion of the testimony the court gave judgment in favor of the plaintiff. The defendant appealed on points of law which are certified to this court as follows: (1) When in a suit purporting to be brought by a corporation the defendant pleads in abatement an absence of authority from said corporation to institute said suit, it is incumbent upon the plaintiff to affirmatively prove due corporate authority to bring the suit. (2) In the same suit, the same plea in abatement having been overruled and the plaintiff having rested without affirmatively proving corporate authority to bring said suit, a motion for non-suit based upon the above grounds must be granted. In this court counsel for the defendant relied solely on the second point, his contention, briefly stated, being, that there was no competent evidence that Mr. Gear was or is the president of the company; that the president of a corporation has no authority by virtue of his office to institute suits in the name of the corporation; that there was no showing made that Mr. Gear had authority to bring this action for and on behalf of the Fidelity Insurance Company, Limited; and that it was incumbent upon the plaintiff, as part of its case, to show that the bringing of the action was authorized by the corporation.

That Mr. Gear is the president of the corporation was suffi-

ciently shown, *prima facie,* by his own testimony. The defendant did not contradict that testimony by any evidence. The appointment of an officer of a corporation may be proved by parol evidence.

But counsel argues that, assuming that Mr. Gear was shown to be the president of the company, it does not follow that he was authorized to institute the action, and he cites *Waikapu Sugar Co.* v. *Hawn. Coml. Co.,* 8 Haw. 343. In that case it was held that the president of a corporation is not authorized *virtute officii* to bring suits in the name of the corporation. Possibly that rule should not be held to apply under all circumstances. See *Trustees of Smith Charities* v. *Connolly,* 157 Mass. 272; *Colman* v. *West Virginia Oil Co.,* 25 W. Va. 148. However, no reason has been advanced to show that it does not apply here. But in the *Waikapu Sugar Co.* case the point was raised by a plea in abatement supported by affidavit. In the case at bar no evidence was offered by the defendant in support of his plea, and the question is whether the failure of the plaintiff to show affirmatively that the action was expressly authorized by the corporation is a ground for non-suit.

In *Hawaii Mill Co.* v. *Andrade,* 14 Haw. 500, it was held that in a complaint before a district magistrate in an action by a corporation it is unnecessary to allege that the plaintiff is a corporation. It was there said that, "There does not seem to be any more reason for requiring a corporation, an artificial person, to allege its capacity to sue by affirmative averments than there is for a natural person. The presumption of capacity indulged in favor of the latter ought to be extended to the former at least until the same is brought in question by proper plea." Nor is there any more reason for holding that it should be alleged in a complaint in an action brought by a corporation that the institution of the action was authorized by the corporation than there is for requiring an allegation that the plaintiff is a corporation. If it is not necessary to allege the fact, it would seem to necessarily follow that a plaintiff is not required to make proof of it,

and that the corporation is not to be non-suited for failure so to do.

The defendant's plea in abatement was properly overruled because it was not supported by proof, and his motion for a non-suit was properly denied because it was not incumbent upon the plaintiff to show affirmatively that its president was authorized to cause the action to be brought.

Judgment affirmed.

C. F. Peterson for plaintiff.

W. B. Lymer (Thompson, Wilder, Watson & Lymer on the brief) for defendant.

## CONCURRING OPINION OF PERRY, J.

It seems to me to be unnecessary to consider to any extent the correctness of the ruling in Waikapu Sugar Co. v. Hawaiian Commercial & Sugar Co., 8 Haw. 343, 351, that "the president of a corporation cannot by virtue of his office and without authority from the corporation begin suit in the name of the corporation," or to suggest any possible limitations to its applicability. With reference to that decision it is sufficient to say that in that case the point was raised by a plea in abatement supported by affidavit while in the case at bar no evidence was offered by the defendant in support of his plea.

In the conclusion that the judgment should be affirmed I concur on the sole ground that the plea was not supported by proof and that the motion for non-suit could not prevail since it was not incumbent on the plaintiff to allege in the declaration or to show affirmatively that the institution of the action was authorized by the corporation,—irrespective of whether in such a case as this or in any case the president is authorized virtute officii to bring suit in the name of the corporation.