## WILLIAM F. COOMBS AND HENRY POWELL, PARTNERS DOING BUSINESS UNDER THE NAME OF ASSOCIATED REPAIR WORKS, *v.* WILBUR ROGERS.

ERROR TO CIRCUIT COURT, FIRST CIRCUIT.

ARGUED APRIL 21, 1914.                    DECIDED APRIL 24, 1914.

ROBERTSON, C.J., WATSON, J., AND CIRCUIT JUDGE WHITNEY, IN PLACE OF QUARLES, J.

ACCOUNT—*open account.*

Where the account upon which an action is based consists of a single claim or contract which is certain and fixed in all its terms it cannot be said to be an open account.

SAME—*application of statute relating to actions on open accounts.*

Whether an account upon which an action in a district court is founded is an "open account" within the meaning of Act 52, Session Laws of 1905, is to be determined primarily from an examination of the plaintiff's complaint, and if the complaint is so framed as to permit of the proof of other than an open account the statute will be held not to apply.

APPEAL AND ERROR—*practice under writ of error to circuit court in case appealed from district court.*

In a case where the defendant took a general appeal to the circuit court from a judgment rendered against him after a trial in a district court, and thereupon a judgment upon the pleadings was rendered against him in the circuit court which judgment is reversed by the supreme court upon a writ of error, judgment may not be entered in the supreme court in favor of the plaintiff in error on the evidence taken in the district court upon the ground of failure of proof. The case should be tried *de novo* in the circuit court.

OPINION OF THE COURT BY ROBERTSON, C.J.

The plaintiffs instituted an action against the defendant in the district court of Waialua, city and county of Honolulu, alleging "That the plaintiffs, at the special instance and request of the defendant, made certain repairs and performed labor and furnished and used material in repairing a certain automobile belonging to the defendant between the 26th day of March, 1913, and the 1st day of May, 1913, to the extent and value of $294.78, all of which the said defendant promised and agreed to pay the plaintiffs. That by agreement between the plaintiffs and the defendant, the said plaintiffs bought from defendant and credited upon account of said repairs, labor and material one 'Hupmobile' at the agreed price of $200, and which sum the plaintiffs credited upon said account for said repairs, labor and material, leaving a balance due thereon from the defendant to the plaintiffs in the sum of $94.78, which amount and balance is past due and wholly unpaid."

A bill of particulars showing the kind and number of materials used, the prices thereof, and the amount of labor bestowed on the job, also a credit of $200 for the Hupmobile, and the balance due, was attached to the complaint. Accompanying the complaint there was also the affidavit of one of the plaintiffs conforming to the requirements of Act 52, Session Laws of 1905, relating to suits on open accounts. It was therein stated that the "repairs, labor and material" as well as the "goods" had been "delivered to said defendant." No counter-affidavit by

the defendant was filed. The defendant appeared personally and entered orally what was apparently regarded as a general denial, and the case went to trial. Witnesses were examined on behalf of plaintiffs and defendant. Judgment was rendered for the plaintiffs for the amount claimed, and the defendant appealed to the circuit court, jury waived. Upon the case being called up for trial in the circuit court the plaintiffs moved for judgment upon the pleadings on the ground that the action was one upon an open account, duly verified and accompanied by a bill of particulars in accordance with the statute, whereas the defendant had filed no counter-affidavit disputing any item in the account. This motion was granted and judgment for the plaintiffs was given accordingly. In this connection it appears that the defendant asked leave to file an affidavit and that the trial judge refused the request. This ruling, however, has not been assigned as error. The assignments of error present the questions whether the circuit court erred in holding that the action was one upon an open account; in holding that plaintiffs' affidavit should be taken as evidence in support of the claim; in deciding and entering judgment in favor of the plaintiffs; and in not entering judgment in favor of the defendant.

The statute provides that when an action in a district court is founded upon an open account supported by affidavit to the effect that such account is just, true and correct, that all the goods had been delivered, that it is due, and that all just and lawful offsets, payments and credits have been allowed, the same shall be taken as *prima facie* evidence thereof unless the party resisting the claim shall make and file with his answer a counter-affidavit stating the items and particulars which are unjust, untrue or incorrect, or otherwise, and whenever any party fails to file such counter-affidavit he shall not be permitted to deny the account or any item therein which he shall not particularize in such counter-affidavit as the case may be.

Was the plaintiffs' claim based upon an open account? This is to be determined from an examination of the plaintiffs' com-

plaint. In *Holmes* v. *Fujitani,* 19 Haw. 574, it was held that an action upon an account stated or for goods sold and delivered, not accompanied by a bill of particulars or a statement of the account, is not an action upon an open account. In the present case a bill of particulars was attached. In the body of the complaint, however, it was averred that the plaintiffs, at defendant's request, performed labor and furnished certain material in repairing the defendant's automobile to the extent and value of $294.78 which the defendant "promised and agreed to pay," and that, after crediting the price of the Hupmobile, the balance due and unpaid was $94.78. Counsel for the plaintiffs maintain that this complaint though "not artistically drawn" is "a declaration in *indebitatus assumpsit.*" Counsel for the defendant contend that the complaint shows an action upon a special contract for work and labor performed and material furnished which was fixed and certain in all its terms.

An "open account" is defined as "one which is continuous or current, uninterrupted or unclosed by settlement or otherwise, consisting of a series of transactions; also one in which some item in the contract is left open and undetermined by the parties, in which sense it may exist whether there be but one item or many; but if a single claim or contract is certain and fixed in all its terms it cannot be said to be an open account." 1 Cyc. 363. "The word 'open' indicates that there is something undetermined by contract of the parties or by the application of settled rules of law, and it would seem that an account cannot be said to be open when there remains no term of the contract to be settled by agreement of the parties." *McCamant* v. *Batsell,* 59 Tex. 363, 369. See also *Wroten G. & L. Co.* v. *Mineola Box Mfg. Co.* (Tex.) 95 S. W. 744; *Northern Alabama R. Co.* v. *Wilson Merc. Co.* (Ala.) 63 So. 34. We think the complaint in the case at bar is open to the construction that the contract intended to be declared upon was fixed and certain in all its terms.

Strict rules of pleading are not applied in proceedings in the

district courts, nor in cases appealed from those courts where the pleadings are the same. *Holt* v. *Peacock,* 18 Haw. 502. It is probable that under the allegations of the complaint in this case the plaintiffs would be permitted to prove either an express contract for the making of the repairs in consideration of the defendant's agreement to pay the sum named, or an implied promise to pay the reasonable value of the labor rendered and materials furnished. But for the purpose of determining whether the action was upon an open account so that the plaintiffs might claim the benefit of the statute in question the pleading must be taken most strongly against the pleader and if, as we find the case to be here, it is so framed as to permit of the proof of other than an open account it must be held that the statute does not necessarily apply. A defendant ought not to be barred from making a defense upon the merits for failure to file a counter-affidavit in any case where it is doubtful whether the action is one based upon an open account and falling within the purview of the statute. We hold, therefore, that the circuit court erred in holding that the statute applies in this case, and in granting the motion for judgment on the pleadings.

Counsel for the defendant argue that this court should render judgment for the plaintiff in error upon this writ under the evidence given in the district court which is in the record. We do not sustain this contention. The defendant took a general appeal to the circuit court waiving jury. That required (unless the appeal be withdrawn) a trial *de novo* in that court and the entry of a new judgment. *Bell* v. *Palea,* 13 Haw. 278, 281. The case was in position for trial upon the merits in that court. It will not be necessary now to pass upon the further contention advanced by counsel for the defendant that in any event the statute applies only to cases where the plaintiff's claim is upon an account for goods sold and delivered.

The order granting the motion for judgment and the judgment entered in the circuit court are vacated and set aside, and

Associated Repair Works v. Rogers, 22 Haw. 91.

the cause is remanded to that court for further proceedings conformable to the views herein expressed.

*R. J. O'Brien* (*E. C. Peters* with him on the brief) for plaintiff in error.

*L. Andrews* for defendants in error.