HO TONG, JOSEPH YAP, M. F. CHUNG, ALFRED Y. LEE, HO FOOK YIN AND HARRY H. KONG, CO-PARTNERS DOING BUSINESS UNDER THE FIRM NAME OF CRESCENT JEWELY COMPANY, *v.* H. K. HOPE, DEFENDANT IN ERROR, BANK OF HAWAII, LIMITED, GARNISHEE.

No. 974.

Error to District Magistrate of Honolulu.

Argued February 6, 1917.          Decided February 17, 1917.

Robertson, C.J., Quarles and Coke, JJ.

Landlord and Tenant—*lease—action for rent.*

The fact that a tenancy under a lease is terminable at the option of the lessor after a certain date does not render the lease void or constitute a defense to an action for rent accruing prior to that date.

OPINION OF THE COURT BY COKE, J.

Plaintiffs in error bring a writ of error for the purpose of correcting certain alleged errors of law committed by the district court of Honolulu, directed particularly to the action of the district court in sustaining defendant's demurrer to plaintiffs' first cause of action set out in their complaint.

Plaintiffs brought an action of assumpsit in the district court of Honolulu against the defendant setting forth in their complaint several causes of action. The first cause of

action, and the only one with which we have to deal in this opinion, is based upon a claim for rent alleged by plaintiffs to be due them from the defendant under the terms of a written contract of lease, which lease was attached to and made a part of the complaint. Defendant interposed a demurrer to the first cause of action which was sustained by the district court. This is assigned as error by the plaintiffs. Briefly, the first cause of action sets forth that on the 22d day of April, A. D. 1916, the plaintiffs and defendant entered into and signed a lease in writing, a copy thereof being attached to and made a part of the complaint and marked exhibit "A;" that among other things it was provided in said lease that in consideration of the privilege of using the space required to carry on his business the defendant was to pay a monthly rental of $47.50 in advance on the first day of each month commencing on the 1st day of May, A. D. 1916; that defendant entered into possession on the 1st day of May, 1916, and paid the stipulated rent for that month; that the rent for the months of June and July became due and payable on the first day of each of these months, and although demanded so to do, defendant failed, refused and neglected to pay the same, and the amount thereof, to wit, $95, became due from defendant to plaintiffs. The lease referred to contains the following provision:

"That the term of this space privilege covers the same period of time which we have on the premises but subject to a right of cancelling this privilege at any time after the 1st day of August, 1916, you (lessee) to vacate the same one month after receiving such notice of cancelation."

Counsel for defendant urges that the contract of lease is void for want of mutuality for the reason that the lease reserves a right of cancelation to the lessors without a corresponding right reserved to the lessee. We can see no merit in this contention. Clearly a clause of this nature consti-

tutes no bar to an action at law for the recovery of rent due lessors under the provisions of the lease.

Counsel for defendant further urges, both in his brief and in the argument before this court, that the demurrer was properly sustained on the ground that the first cause of action contained in plaintiffs' complaint failed to allege that plaintiffs possessed a lease of the premises equal in time to or coextensive with the demise to the defendant. We are of the opinion that the lease contains a definite demise from plaintiffs to defendant up to the 1st day of August, 1916, and that the complaint, although crudely drawn, sufficiently sets forth a cause of action for the recovery of rent accruing prior to that date.

It is well established in this jurisdiction that "rigid rules of pleading are not required in district courts." *McKeague* v. *Helen,* 3 Haw. 328; *Hawaii Mill Co.* v. *Andrade,* 14 Haw. 500; *Coombs* v. *Rogers,* 22 Haw. 91.

We hold that the district court erred in sustaining the demurrer.

The judgment of the district court is reversed and the cause remanded with instructions to overrule the demurrer of the defendant and for further proceedings consistent with the views herein expressed. Costs awarded to the plaintiffs.

*H. L. Grace* and *C. S. Davis* for plaintiffs in error.

*E. C. Peters* for defendant in error.