# AMERICAN-HAWAIIAN ENGINEERING & CONSTRUCTION CO., LTD., A CORPORATION, *v.* TERRITORY OF HAWAII.

## ORIGINAL.

ARGUED APRIL 20, 1905.          DECIDED APRIL 28, 1905.

### FREAR, C.J., HARTWELL AND WILDER, JJ.

ACTION AGAINST TERRITORY—*petition.*

In an action against the Territory the petition is not demurrable for failing to show that petitioner, if a foreign corporation, is entitled to sue the Territory, when the petition does not show that petitioner is a foreign corporation.

CONTRACT FOR CONSTRUCTING PUBLIC WORKS.

A petition claiming extras under a contract for the construction of public works, which does not show that the extras were furnished upon the written order of the superintendent of public works, as required by the terms of the contract, is bad on demurrer.

Under a contract for the reconstruction of a warehouse involving the removal of an existing structure and providing that all old material was to be preserved and used in the construction of the new building unless unfit in the opinion of the superintendent of public works, a claim for the value of old material removed and appropriated by the Territory without alleging that such material was fit to be used in the new structure and that the contractor was forced to secure other material for the new building in place of that which was removed is demurrable.

Under a contract to remove an existing structure and construct a new wharf and shed, which contract was held invalid, the Territory is not legally liable on an implied contract for the removal of the structure, such removal having been completed before the contract was declared invalid.

This is an action against the Territory for $4,475.20 (incor-
rectly stated in the petition to be $4,425.20), consisting of the
following items, to wit: $604, balance claimed to be due under
a contract for rebuilding Fort street wharf; $2040.80 for extras
under said contract; $300 claimed to be due under a contract for
the reconstruction of the Brewer warehouse, being for old mate-
rial removed by the Territory; and $1,530.40 for labor and
material which the Territory received the benefit of in connec
tion with a contract in reference to Brewer's wharf and shed,
which contract was held invalid in *Lucas v. Construction Co.,*
16 Haw. 80. To this petition the Territory demurred.

The first ground of demurrer is that the petition does not
show whether petitioner is a domestic or a foreign corporation
and, if it is a foreign corporation, that it is entitled to sue the
Territory. The petition states that "it is and was  *  *  *  a
corporation duly organized, existing and having a usual place
of business in said Territory of Hawaii." This point is without
merit. The respondent relies upon the case of *Heeia Sugar
Plantation Co. v. John McKeague,* 5 Haw. 101, but in that
case it appeared upon the face of the complaint that plaintiff
was a foreign corporation, which clearly distinguishes it from
the case at bar. In this case, it not appearing from the petition
that petitioner is a foreign corporation, if that is the fact, it is
a matter of defence. The first ground of demurrer is over-
ruled.

The second ground of demurrer is that the petition does not
state facts sufficient to constitute a cause of action. The first
item consists of a claim for $2,264.80, being $604 balance
claimed to be due under a contract for rebuilding Fort street
wharf and $2,040.80 for extra work under said contract. The
claim for $604 is sufficiently pleaded. As to the claim for
$2040.80, the demurrer must be sustained. The petition alleges
that this extra work was performed at the request of the Terri-
tory. The specifications under this contract provide that no

claim for extra work would be allowed except upon the written order of the superintendent of public works or his authorizea agent. In so far as the petition does not allege that this extra work was authorized under the terms of the contract and its specifications the demurrer is well taken.

A complaint for extra work and materials by one who contracted with the city to make certain public improvements, which does not show that the extra work and materials were performed and furnished upon orders in writing signed by the engineers and approved by the common council, as required by the terms of the contract, is bad on demurrer. *City of Huntington v. Force,* 152 Ind. 368. See also 1 Smith on Municipal Corporations, Sec. 741.

Counsel for the petitioner claims that, even though the contract required a written authority for extras, such written authority could be waived, but, even if that be so, such waivei or other excuse for not having such written authority should be alleged.

The next item arises under a contract for the reconstruction of the Brewer warehouse. It is alleged that the petitioner "performed all and singular its obligations imposed upon it by said contract * * * and that the Territory of Hawaii has paid all the money considerations set forth in said contract, and that the said Territory in violation of said contract removed all the old structures on the new site and sold the material in the same and appropriated the proceeds to its own use, thereby depriving your petitioner of the benefit of the said material, which was then and there of the value of $300." A copy of the contract with its specifications is attached to the petition. This was a contract "to remove and reconstruct the Brewer's warehouse." That part of the specifications material on this point is as follows:

"Removal of old building:

"The contractor will remove the old building preserving all the material. The bricks to be thoroughly cleaned of all mortar.

All roofing, roof, timbers, doors and windows to be carefully removed and preserved for use in the new building.

"Addition materials:

"The contractor will furnish any and all new material that may be needed to reconstruct the building upon the new site. None of the old material that in the opinion of the superintendent of public works is unfit shall be used in the new structure.

"Roof covering:

"Roof to be of galvanized iron, properly flashed into gable ends and louvre. Contractor in removing same from old building will use all he can of such portions of the old roofing that is fit to be used in new structure. Contractor will furnish any additional roofing needed of same gauge as old."

Under these provisions all old material was to be preserved and all of it that was fit used in the construction of the new building. The contractor received a lump sum for doing the work and did not acquire any right or title to any of the old material. All it was entitled to was to use the old material in the construction of the new building unless unfit in the opinion of the superintendent of public works. If this material that was removed was fit to be used in the construction of the new building, and in consequence of the same having been removed the contractor was under the necessity of securing other material for the new building to its damage in the sum of $300, such allegations should be made. To this item the demurrer is sustained.

The last item of the claim arises under a contract "to furnish all labor and material in removing existing structure and construct Brewer's wharf and shed," which contract was held to be invalid in *Lucas v. Construction Co.,* 16 Haw. 80. Petitioner alleges that it removed the existing structure before the contract was annulled, and that by reason thereof the Territory has received the benefit of the labor and materials in removing same, which were of the reasonable value of $1530.40.

It is claimed by petitioner that the statute under which this contract was let did not require the part performed, that is, the removing of the existing structure, to be awarded only on public

advertisement for tenders, and that, therefore, the superintend-
ent of public works having power to contract for the removal
of the existing structure and the structure having been removed
to the benefit of the Territory, the Territory is liable on an
implied contract to pay for same.

The statute in question is Act 18 of the Extra Session Laws
of 1903. Section 10 of this Act reads as follows: "Every
contract for constructing public works, or for furnishing mate-
rial therefor amounting to Five Hundred Dollars ($500) or
more, shall be awarded to the lowest bidder who shall furnish
a sufficient bond only upon public advertisement for tenders;
and no public work or requirement for material therefor shall
be divided or parcelled out for the purpose of evading the pro-
visions of this Section."

The contract was for a lump sum to remove existing struc-
tures and to construct in place thereof a new wharf and shed.
The whole contract was held invalid, the part to remove as well
as the part to construct. The legislature intended that "con-
tracts for constructing public works" should have a broad mean-
ing by providing in the same section that no *public work*
should be divided or parcelled out for the purpose of evading
its provisions. To construe 'constructing" as meaning simply
the erecting or building would be to defeat the very object of
the section, which is to prevent favoritism, corruption and
extravagance in the performing of public work under contract.
As used in this section the construction of public works includes
not only the erection or building of the same but also every
thing incidental thereto necessary and proper for the comple-
tion of such work. In the case at bar the removal of existing
structures was but an incident to the main work.

As there was no authority to contract for the removal of
existing structures except in the mode expressly prescribed in
the statute, it follows that the Territory is not liable legally on
an implied contract for same, because the law never implies an
obligation to do that which it forbids a party to agree to do,
and that which can only be accomplished directly cannot be

accomplished indirectly. See *Zottman v. San Francisco,* 20 Cal. 96; *McDonald v. Mayor,* 68 N. Y. 23; *Boston Electric Co. v. Cambridge,* 163 Mass. 64; *Butler v. Charleston,* 7 Gray 12; *Springfield Milling Co. v. Lane Co.,* 5 Ore. 265; *Richard v. Warren Co.,* 31 Ia. 381.

It was well said in *Zottman v. San Francisco,* supra, that "The analogy drawn from the obligation of an individual to pay for work which he accepts, although there has been no previous contract for its performance, wholly fails to reach the present case." Here, neither the officers of the corporation, nor the corporation by any of the agencies through which they act, have any power to create the obligation and pay for the work, except in the mode which is expressly prescribed in the charter; and the law never implies an obligation to do that which it forbids the party to agree to do." The doctrine of liability upon an implied contract, where work is performed by one the benefit of which is received by another, does not apply where there are statutory restrictions upon the party sought to be charged against making in direct terms a similar contract to that which is claimed to be implied.

As to this item the demurrer is sustained.

If the Territory has received a benefit to the extent claimed, there being no legal liability, the propriety of paying for such benefit is for the legislature.

It is unnecessary to pass upon the other grounds of the demurrer.

The demurrer to the petition is sustained with leave to petitioner to file an amended petition within ten days if so advised.

*Castle & Withington* for petitioner.

*M. F. Prosser, assistant attorney general,* for respondent.