AMERICAN-HAWAIIAN   ENGINEERING   &   CONSTRUCTION   CO., A   CORPORATION   *v.*   TERRITORY OF HAWAII.

ORIGINAL.

ARGUED OCTOBER 30, 1905.      DECIDED NOVEMBER 6, 1905.

FREAR, C.J., HARTWELL AND WILDER, JJ.

EXTRAS UNDER CONTRACT—*amending petition.*

Demurrers to a petition and amended petition for extras under a contract for a wharf having been sustained because the requirement that orders for extras should be in writing was not shown to have been complied with or waived, leave to file a second amended petition so as to show that most of the items in question were not extras but were made necessary by the contract, specifications and plans, but were not contemplated by the parties owing to an alleged error in the plans, and so as to show that other items were

ordered or approved in writing, is denied because, as to most of the items, the plans, which are made part of the petition, do not support the allegation of error, and because, as to the minor items, assuming that they are allowable, the proposed amended petition as a whole should be in different form.

## OPINION OF THE COURT BY FREAR, C.J.

A demurrer to the original petition was sustained in 16 Haw. 711, with leave to amend. A demurrer to the amended petition was sustained *ante* 28. A motion was made for general leave to further amend; this was denied but leave was given to amend the motion so as to ask for leave to make specified amendments. Such motion having been amended, the question is whether the proposed amended petition now presented is sufficient.

One of the claims in the original and first amended petition was for $2040.80 for extra work under a contract for rebuilding Fort street wharf and the demurrers were sustained as to this claim because the petition did not show that such extras were ordered in writing as required by the contract or that such written orders had been waived if they could be waived. The amendment now proposed separates the items composing this claim.

One group of the separated items aggregates $1910.05. It is not altogether clear from the proposed amendment just what the theory of the petitioner is in regard to this group. Most of the allegations that have already been held insufficient are retained. Apparently the changes in the statement of the claim are intended to show that the labor and materials making up this sum are not extras strictly speaking but were required by the contract itself though not contemplated by the parties to the contract, or, to express it another way, that they became necessary in order to carry out the contract although they were not in terms provided for in the contract and owing to alleged errors in the plans were not contemplated by the parties. The allegation chiefly relied on now is that the "contract, specifica-

tions and plans showed and required no drilling and blasting, and the plans on file in said Department of Public Works showed soundings calling for driving the piles through soft material to a coral substratum, which furnished a firm foundation, but in the execution of said work it was found that said plans were not a true representation of the actual conditions, but that the hard coral bottom was on an average in the case of 76 piles more than 17 feet nearer the surface, necessitating blasting, drilling and the other work and materials specified in order to drive said piles to the required depth." Upon examining the plans referred to in the contract and which are made a part of the petition, we find that they do not make the showing or requirement here alleged. Counsel, however, call our attention to certain rough pencil sketches on detached slips of paper which are claimed to be the "plans on file in said Department" referred to in this allegation, and not the plans referred to in the contract or in the words "contract, specifications and plans" in this allegation, and these we are informed by counsel are what they now rely on. These certainly are no part of the plans referred to in the contract. If they can be considered "plans on file in said department" and if such "plans" in this allegation can be considered as not the "plans" referred to in connection with the contract, still there is no showing that the petitioner relied on them or had a right to rely on them, and we may add they do not, as we view them, support the allegation of error.

The other items, amounting to $18, $10, and $91.75 respectively, are relied on now as having been authorized or approved in writing. These might perhaps be proper subjects for amendments, but the proposed amended petition as a whole as it now stands cannot be allowed.

The motion for leave to amend in the form specifically requested is denied.

*Castle & Withington* for plaintiff.

*M. F. Prosser,* deputy attorney general, for defendant.