# AMERICAN-HAWAIIAN ENGINEERING & CONSTRUCTION CO. v. TERRITORY OF HAWAII.

## ORIGINAL.

ARGUED DECEMBER 5, 1905.     DECIDED DECEMBER 5, 1905.

### FREAR, C.J., HARTWELL AND WILDER, JJ.

EXTRAS—*when not ordered in writing as required by contract—modification of proposal not accepted.*

Under a contract providing that extras shall not be paid for unless ordered in writing, no recovery can be had for an extra even when ordered in writing, if the order was made on the claim that the extra work was required by the contract and on the condition that it should not be paid for as an extra, notwithstanding the reply of the contractor that the work would be done subject to the right to payment if there was such right, the proposed modification not having been accepted by the party making the order.

CONTRACTOR—*when not liable for wages of inspector employed by other party to contract.*

A contractor is not liable as for labor furnished to him, for the wages of an inspector voluntarily employed by the other party to

the contract for his own benefit even after the time when the contractor should have completed the work. The liability, if any, would be for damages for breach of contract.

ORAL OPINION.

After a trial upon the facts, the court rendered the following opinion, which sets forth the facts in so far as necessary and not previously set forth in the opinions on demurrers and a motion to amend, in 16 Haw. 711 and 17 Id. 28, 132.

FREAR, C.J. The petitioner claims four items of the Territory. That of $811.50, the balance of the contract price, is admitted; that of $10, for driving two extra piles, also is admitted; that of $18 is disallowed for lack of sufficient evidence to support it, which is practically conceded by the petitioner; that of $91.75 also is disallowed for lack of sufficient evidence to support it. In regard to the last mentioned item, it was necessary to show that, inasmuch as it was an extra, there was authority in writing, in accordance with the terms of the contract, for performing the work for which this amount is claimed, that is, the removal of materials from the wharf to the Brewer warehouse. It appears that the order in writing from the superintendent of public works was made on the claim that the work was required by the contract and on the condition that there should be no payment for it, and of course there could be no liability to pay for it unless that order was modified; the petitioner replied in writing to the letter containing the order, that the work would be done but that payment would be expected or that the right to payment would be reserved if there was any such right, but that proposed modification was not accepted by the superintendent.

Now as to the counterclaim of the Territory. The items of $40, $10, $6, $140 and $70, for the use of the pile driver, pump and drill scow and for cement, are admitted with the exception of a portion of the item of $6 for the pump, but in the opinion of the court the evidence sustains that item and that as well as the others is allowed. The items of $75, $70, $25 and $118—

which is the correct amount, the $119 being a clerical error apparently—are admitted so far as the use of the drill scow and of the diver and crew for which these items are claimed are concerned, and so far as the amounts are concerned, but liability is denied on the ground principally that they were required by reason of the petitioner being obliged to drive the piles deeper than the contract called for; that contention has been practically overruled at previous stages of the case and is now overruled; consequently all these items amounting to $288 are allowed. The next item is one of $5 for removing two 75 foot piles from the wharf to the government pile; that is disallowed on the evidence as not sufficiently proved. The item of $307.50 for inspector from the time of the expiration of the extension of the contract until the completion of the work is disallowed for the reason, among others, that it is claimed in the answer and counterclaim as for labor furnished to the petitioner, which of course it was not; if it could be claimed at all it would be by way of damages resulting from the breach of the contract, but the counterclaim is not sufficient to support that.

The result therefore is that judgment may be entered for the petitioner for the sum of $322.50.

*D. L. Withington* for petitioner.

*M. F. Prosser, Deputy Attorney General,* for defendant.

CARLOS A. LONG, ADMINISTRATOR-DE-BONIS-NON-
WITH-THE-WILL-ANNEXED OF THE ESTATE OF
ROBERT WILLIAM HOLT, DECEASED, *v.* R. WIL-
LIAM HOLT, GEORGE H. HOLT, EDWARD S.
HOLT, CHRISTOPHER J. HOLT, ELIZABETH K.
RICHARDSON, HELEN A. HOLT, AND HELEN
A. HOLT, AS GUARDIAN OF THE ESTATES OF
VALENTINE O. HOLT, WATTIE E. HOLT,
AMELIA A. HOLT, HELENE A. HOLT, AND IRENE
HOLT, MINORS, FREDERICK E. STEERE, MAKA-
HA COFFEE COMPANY, LIMITED, A CORPORA-
TION, HAWAIIAN REALTY & MATURITY COM-
PANY, LIMITED, A CORPORATION, GEORGE
LUCAS, TRUSTEE, D. H. LEWIS, AND HELEN A.
HOLT, AS ADMINISTRATRIX OF THE ESTATE
OF JAMES R. HOLT, JR., DECEASED.

APPEAL FROM DISTRICT COURT, EWA.

SUBMITTED NOVEMBER 20, 1905.   DECIDED DECEMBER 7, 1905.

FREAR, C.J., HARTWELL AND WILDER, JJ.

TAXES—*illegal assessment.*

An assessment of taxes to an "estate" is not authorized. *Holt v. Savidge,* 17 Haw. 84.

LEASE—*forfeiture.*

A lease in which the lessee covenanted to pay the taxes cannot be forfeited for the nonpayment of the taxes by the assignees of the lessee where there is no legal assessment.

OPINION OF THE COURT BY WILDER, J.

*C. W. Ashford* and *E. A. C. Long* for plaintiff.

*A. G. M. Robertson, Thayer & Hemenway, E. C. Peters, Smith & Lewis* for defendants.